HARRIS et al., Exr's, *vs.* BILLINGSLEY et al.

1. A final judgment cannot, at a term subsequent to that at which it is rendered, be so altered, as to relieve one party from the costs, and charge the other with them.

ERROR to the Orphans' Court of Pickens.

PECK & HALE, for the plaintiffs.

HUNTINGTON, for the defendants.

DARGAN, C. J.—The plaintiffs in error, as executors, propounded the last will and testament of Hudson Harris, deceased, for probate in the Orphans' Court of Pickens. Citation was ordered to be issued to the next of kin, and the record shows that the defendants in error appeared and contested the admission of said will to probate. Upon the trial, however, the contestants did not appear, and the will being proved, it was ordered to be recorded, and letters testamentary were directed to be issued to the plaintiffs, as executors; and it was adjudged that the plaintiffs recover of the defendants all costs, except the cost of the subscribing witnesses to said will, which was ordered to be paid by the executors. At a subsequent term of the Orphans' Court, the defendants appeared, and moved that the costs be re-taxed, and charged to the plaintiffs, which was done. To reverse this judgment, taxing the plaintiffs with the costs, they have brought a writ of error to this court.

In the case of Noland v. Lock, 16 Ala. 52, we held that the Orphans' Court had not the power to vacate a judgment for costs as to one party, and adjudge them against the other, at a

term of the court subsequent to that at which the judgment was rendered. In the case of King v. Reynolds, decided at the present term, we held that no court could alter its final judgments after the term at which they were rendered, unless it be to correct clerical omissions or misprisions. These authorities show that the Orphans' Court erred in attempting to render the judgment for costs against the plaintiffs in error, at a term subsequent to the final judgment. When a judgment is perfect, and the term of the court ended, if we could permit an inferior court to alter its final judgment, there would be no end of litigation, nothing fixed or certain by the recovery of a judgment.

Let the judgment of the Orphans' Court, taxing the plaintiffs with costs, be reversed.