## GRIFFIN *vs.* GRIFFIN.

[APPLICATION TO SET ASIDE DECREE ON FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Conclusiveness of probate decree.*—A decree of the probate court, rendered on final settlement of an administrator's accounts, cannot be set aside, at a subsequent term, on account of matters which go behind it.

APPEAL from the Probate Court of Henry.

IN the matter of the petition of Mrs. Sarah J. Griffin, to vacate and set aside a decree which had been rendered against her by said probate court, on final settlement of her accounts and vouchers as administratrix of the estate of Thomas Griffin, deceased. The petition was filed on the 5th February, 1866, and the decree which it sought to set aside was rendered on the 18th December, 1864. The probate court overruled and dismissed the petition, and its decree in that behalf is now assigned as error.

Cox v. Jones.

W. C. OATES, for appellant.

JUDGE, J.—In this case, the administratrix applied to the probate court to set aside a decree which had been rendered against her upon the final settlement of the estate of her intestate, more than two years before the date of the application. This action of the court was invoked, mainly, on the ground that she had been erroneously charged on the settlement with the amount of several promissory notes, (assets of the estate,) remaining in her hands uncollected at the time of the settlement.

If the decree of the probate court was *erroneous*, it was not void, and is as conclusive as a decree in chancery, or a judgment of a circuit court; and after the expiration of the term at which it was rendered, the probate court had no power to set it aside, upon grounds which go only to matters behind the decree, although such grounds may be true in point of fact.—*Watson v. Hutto*, 27 Ala. 513, and authorities there cited ; especially the case of *Slatter v. Glover*, 14 Ala. 648.

Let the decree of the court below be affirmed.