[Buchanan v. Thomason.]

# Buchanan . v. Thomason.

*Application to set aside Probate Decree, rendered on Settlement of Accounts of Deceased Administrator.*

| 70 | 401 |
| 95 | 479 |
| 70 | 401 |
| 103 | 657 |
| 70 | 401 |
| 123 | 417 |
| 70 | 401 |
| 128 | 651 |

1. *Amending or setting aside judgments or decrees after expiration of term.*—A court of record has no power to alter, vary or annul its judgments or decrees, after the expiration of the term at which they were rendered, except for the correction of clerical errors or omissions on evidence shown by the record; but, where a judgment or decree is void for want of jurisdiction, either of the subject-matter or of the parties, it may be vacated and set aside at a subsequent term, on the application of a party having rights and interests immediately involved.

2. *Same.*—When fraud is not imputed, the want of jurisdiction must appear on the face of the record, except in the single case of the death of a party before the judgment was rendered.

3. *Settlement of accounts of deceased administrator, by personal representative of both estates.*—When an administrator has died without settling his accounts (Code, §§ 2537–40), and his personal representative becomes the administrator *de bonis non* of the intestate's estate, which is declared insolvent, the dual and antagonistic relations which he sustains take away the jurisdiction of the Probate Court to make a settlement with him of the accounts of the deceased administrator; and a settlement made by him in that court, being void on its face for want of jurisdiction, may be set aside at a subsequent term.

APPEAL from the Circuit Court of St. Clair, on appeal from the Probate Court.

The record does not show the name of the presiding judge.

Jno. W. Inzer, for appellant.

BRICKELL, C. J.—This was an application to the Court of Probate of St. Clair, by the appellees, as heirs and next of kin of Jacob R. Wood, deceased, commenced on the 18th day of August, 1875, to vacate and annul certain proceedings, orders and decrees, had and made in said court in June, 1869, in which the appellant, as administratrix of H. R. Buchanan, deceased, who in his life was administrator in chief of said Jacob R. Wood, was the actor. These proceedings were had under the statute (R. C. §§ 2165–68; Code of 1876, §§ 2537–40), by the appellant as administratrix of H. R. Buchanan, for a final settlement of the administration of her intestate on the estate of Jacob R. Wood, deceased, and progressed to a final decree. The validity of these proceedings is questioned, on the single ground, that during their pendency, and when the

26

[Buchanan v. Thomason.]

final decree was rendered, the appellant occupied the dual relation of administrator of Buchanan, charged with the duty of making the settlement of his administration, and of administrator *de bonis non* of Wood, a necessary adverse party to such settlement, charged with the duty of compelling an account and settlement, in whose favor a decree must have been rendered, for any balance found due on the settlement. It is insisted that, because of this dual relation, the Court of Probate had not jurisdiction of the settlement—that jurisdiction resided only in the Court of Chancery.

The principle has been long regarded as settled, that a court is without power to alter, vary, or annul final judgments or decrees, after the close of the term at which they may have been rendered, unless it be for the mere correction of clerical errors or omissions. During the term, the proceedings are *in fieri;* after its expiration, they are final, and the jurisdiction of the court is exhausted, except for amendment, or the correction of clerical misprisions, the record furnishing the evidence on which the amendment or correction can be made—*Johnson v. Glasscock,* 2 Ala. 522; *Noland v. Lock,* 16 Ala. 52; *Slatter v. Glover,* 14 Ala. 648; *Harris v. Billingslea,* 18 Ala. 438; *Griffin v. Griffin,* 40 Ala. 296; *Pettus v. McClanahan,* 52 Ala. 55. The principle is as applicable to this, as to other courts of record; and after the final adjournment of the term, the only power the court can, or will exercise over its records, is that of correcting clerical errors.—*Van Dyke v. State,* 22 Ala. 57.

When, however, a court has rendered a judgment or decree void on its face, either from a want of jurisdiction of the subject-matter, or of the parties, a due regard to its own dignity, the protection of its officers, the prevention of the abuse of its process, and of injustice to its suitors, and the preservation of the sanctity of the judgments it may rightfully render, demand that it should, on a proper application, coming from a party having rights and interests immediately involved, at any time subsequent to its rendition, vacate such judgment or decree. If, as in the present case, fraud is not imputed—no more than usurpation or excess of jurisdiction is the *gravamen* of complaint—the invalidity of the judgment must be apparent on the face of the record. It can not be shown by matter extrinsic, or *dehors* the record, except in the event of the death of either party to be affected, when the judgment or decree was rendered.—*Ex parte Sanford,* 5 Ala. 562; *Johnson v. Johnson,* 40 Ala. 247; *Pettus v. McClanahan,* 52 Ala. 55.

In *Hays v. Cockrell,* 41 Ala. 75, this court decided, that when a case was situated, *as to parties,* like the present, the Court of Probate could not render a valid decree against the

[Chapman v. Fields.]

representative of the decedent, for any balance found due on the decedent's administration, and, of consequence, that the jurisdiction of such a settlement resides only in a court of equity. The case was before this court on appeal, the record disclosing the dual relation of the personal representative, and that from the deceased administrator there was a balance due, which ought, under the circumstances of the case, to have been decreed to the personal representative, and not to the distributees of the intestate.

From that case, the present has no distinguishable feature. The insolvency of the estate of Wood, judicially ascertained, rendered it indispensable that the appellant, in the capacity of administratrix *de bonis non*, should be a party, and the sole proper party representing the estate, on the final settlement of the administration in chief. As administratrix of her husband, the administrator in chief, in that capacity, the appellant alone could become the actor, or was bound to the duty of making settlement of the administration. In this condition of things, resulting from the antagonistic relations, and conflicting rights and duties, in which the appellant was involved, according to the case cited (which was followed in *Carswell v. Spencer*, 44 Ala. 204), the Court of Probate was divested of jurisdiction of the subject-matter—the settlement of the administration in chief. The want of jurisdiction was apparent on the face of the record, and there was no error in vacating the settlement.

Affirmed.