# Sweeney, *et al. v.* Tritsch.

*Petition to Cancel Judgment Over for Want of Service.*

(Decided June 6, 1907. 44 South. 184.)

1. *Judgment; Want of Jurisdiction; Vacation.*—It is the duty of the court, on application by a party having rights and interests immediately involved, to vacate a judgment or decree at any time subsequent to its rendition, where it appears on the face of the record that the judgment is void for want of jurisdiction of the subject matter or of the person.

2. *Same; Service by Publication.*—Where a non-resident defendant was served by publication only in a suit to enforce a vendor's lien, a personal decree for an amount over is void in the absence of a general appearance.

3. *Appearance; Judgment; Application to Vacate.*—The subsequent application to vacate a judgment over against a non-resident defendant, who has been served by publication only, made by such non-resident, does not constitute a general appearance sufficient to confer jurisdiction over his person.

APPEAL from Jackson Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

Petition by W. H. Sweeney and others to have a judgment over annulled and vacated for want of jurisdiction of the person. From an order denying the petition petitioner appeals. Reversed and remanded.

Leo Tritsch as assignee filed his bill against W. H. Sweeney and others to enforce a vendor's lien and upon a sale of the property and the failure of the same to bring a sufficient amount to satisfy the decree, a judgment over was rendered against the non-resident after publication. No personal service was had.

L. E. BROWN, VIRGIL BOULDIN, and RUSHTON & COLEMAN, for appellant.—A court which has made a final order or decree, which on the face of the record or proceedings, is void should vacate it whenever its attention is called thereto by appropriate application for that purpose.—*Johnson v. Johnson*, 40 Ala. 247, and authorities cited; *Laird v. Reese*, 43 Ala. 148; *Buchanan v. Thompson*, 70 Ala. 401, 402; *Moore v. Bell*, 18 Ala. 619; *Ex parte Sanford*, 5 Ala. 563; *Bland v. Bowie*, 53 Ala. 152; *Baker v. Barclift*, 76 Ala. 414; *Chamblee v. Cole*, 128 Ala. 649; *Pettus v. McClannahan*, 52 Ala. 55; *Carlisle v. Killebrew*, 91 Ala. 351; *Wiggins v. Steiner*, 103 Ala. 655; *Ladd v. Mason*, 10 Or. 312; *People v. Greene*, 74 Cal. 400; *Glass v. Glass*, 76 Ala. 368; *Buford v. Ward, Admr.*, 108 Ala. 308; 15 Ency. P. & P. pp. 210, 216n, 220n. After the expiration of the term at which a judgment is rendered, the proceedings in the cause are final, and the jurisdiction of the court is exhausted, except for amendment or the correction of clerical misprision, the record furnishing the evidence therefor.—15 Ency. P. & P. 211; *Buchanan v. Thomason*, 70 Ala. 401, and authorities cited; *Griffin v. Griffin*, 40 Ala. 296; *Slater v. Glover*, 14 Ala. 648; 48 Amer. Dec. 118; *Ex parte Sims*, 44 Ala. 248, 250; *Van Dyke v. State*, 22 Ala. 57; *Tippins v. Peters*, 103 Ala. 196; *Browder v. Faulkner*, 82 Ala. 257; *Owen v. Bankhead*, 82 Ala. 399; *Ladd v. Mason*, 10 Or. 312; *Harris v. Billingley*, 18 Ala. 438; 5 Ency. P. & P. p. 1049n, p. 1052. The appearance for the purpose of making the application was special and

not general so as to give the court jurisdiction of the person.—15 Ency. P. & P. pp. 261n; 2 Ency. P. & P. pp. 263n, and note; 3 Cyc. 528n, 67; *Green v. Green*, 42 Kan. 564; 16 Am. Rep. 510 (Chan. Suit). Appeal will lie from order refusing to vacate a void decree or judgment. —*Bruce v. Strickland*, 47 Ala. 192, and authorities cited; *Satcher v. Satcher*, 41 Ala. 26; *Laird v. Reese*, 43 Ala. 148; *Moore v. Bell*, 18 Ala. 619; *Tabor v. Lorance*, 53 Ala. 453; *Wells v. Am. Mtg. Co.*, 123 Ala. 413; *Pettus v. McClannahan*, 52 Ala. 55; *Carlisle v. Killebrew*, 91 Ala. 351; *Wiggins v. Steiner*, 103 Ala. 655.

JOHN B. TALLEY, and BILBRO & MOODY, for appellee. —Under its allegations the petition was wholly insufficient, and defendant is barred by laches and by the statute of limitations.—Section 753, Code 1896; *Lehman-Durr Co. v. Collins*, 69 Ala. 127; *Bufford v. Ward*, 108 Ala. 307; *Holly v. Bass*, 53 Ala. 287; *Montgomery L. Co. v. Lahcy*, 121 Ala. 131. Under section 859, Code 1896, an execution issued for the balance found due after sale. The decree over is within the lis pendens and further notice is not necessary.—*Wells v. Am. Mtg. Co.*, 123 Ala. 412; *Taylor v. Rosendtree*, 15 Lea. 275; *Mulloy v. White*, 3 Tenn. 9. Special attention is called to the attention of *Sayre v. Elyton Land Co.*, 73 Ala. 85; *Seelye v. Smith*, 85 Ala. 29.

McCLELLAN, J.—Upon bill filed to declare and enforce against a nonresident, as shown on the face of the bill, a vendor's lien, a decree was rendered granting the relief prayed, and, after sale of the property subject to the lien, a balance of the indebtedness found due remained unsatisfied. Thereupon, without other notice at any time than by publication to the defendant, a personal decree over for such balance was rendered. After the lapse of ten years the defendant, still a nonresident,

[Sweeney, et al. v. Tritsch.]

petitioned the court in which the decree over had been rendered to vacate it on the ground that such decree was void, since he was not brought into court by personal service. The petition was dismissed conditionally.

It has been settled, since the leading decision of *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565, was pronounced, that a personal judgment or decree rendered in a cause against a nonresident upon whom no personal service therein was had is void, and, of course, unenforceable in any manner. That doctrine has been several times affirmed by this court.—*Exchange Bank v. Clement*, 109 Ala. 270, 19 South. 814; *L. & N. R. R. Co. v. Nash*, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181, and authorities cited in brief. While a court is without power to alter, vary, or annul final judgments or decrees after the close of the term at which rendered, except for the correction of clerical misprisions or amendments, the evidence of which the record affords, yet where it appears on the face of the record that the judgment or decree is void, either for want of jurisdiction of the subject-matter or of the party, it is the duty of the court, upon application thereto by the party having rights and interests immediately involved, to vacate such judgment or decree at any time subsequent to rendition; and this, out of a due regard to its own dignity, the protection of its officers, and the prevention of abuse of its process and of injustice to its suitors.—*Buchanan v. Thomason*, 70 Ala. 402; *Pettus v. McClannahan*, 52 Ala. 55; *Chamblee v. Cole*, 128 Ala. 649, 30 South. 630, and authorities in each cited. And it appears that this court has repeatedly, in the cases referred to, recognized the right and propriety of appeal, whether the order to vacate be granted or refused.

The decree here in question being, as shown by the face of the record in the original cause, utterly void, the application of Sweeney should have been granted, un-

less, as insisted by appellee, the lapse of time has affected his rights in the premises, or unless his appearance by filing the motion under consideration gave the court jurisdiction of him as a party defendant in the original cause, and justified the reopening of that cause and the rendition of a judgment against him. In our opinion, neither of these contentions can be sustained.

With reference to the first proposition, this court in *Pettus v. McClannahan,* 52 Ala. 58, and also in *Baker v. Barclift,* 76 Ala. 417, declares unequivocally that the lapse of time can have no effect to qualify the right to have a void decree, void as shown by the face of the record, vacated. To the same tenor is the announcement of the court in *Chamblee v. Cole,* 128 Ala. 650, 30 South. 630. And, stating the principle in its breadth, discussing the void decree, Freeman on Judgments, in section 117, says: "For if it be null, no action upon the part of the plaintiff, no inaction upon the part of the defendant,  *  *  *  can invest it with any of the elements of power or validity." In accord with the foregoing is 23 Cyc. p. 909, and cases cited in note 16. The appearance in this proceeding was in no sense an appearance, general or special, in the original cause in which the void personal decree was entered. That cause had, in an orderly manner, progressed to a valid decree declaring the lien and effecting the sale. With the jurisdiction possessed in the cause, there being none over the party defendant therein warranting a personal decree over against him, that cause had run its course, and the court had fully and wholly exhausted its powers, except only for amendment or correction of clerical misprisions; the record affording the evidence thereof.—*Buchanan v. Thomason,* 70 Ala. 401; *Pettus v. McClannahan,* 52 Ala. 55; *Griffin v. Griffin,* 40 Ala. 296; 15 Ency. Pl. & Pr. pp. 210-211, and notes; *Harris v. Billingsley,* 18 Ala. 438; *Owen v. Bankhead,* 82 Ala. 399, 3 South. 97.

[Sweeney, et al. v. Tritsch.]

But, if the rule stated were not so conclusive, it would smack of gross injustice, as well as make the court a party to the misapplication of its powers and processes, to fasten its jurisdiction upon one not lawfully within it when he comes to relieve himself of the void decree of the court, and at the same time to conserve the interest of all parties and the dignity of the court. Such a practice, if permissible, would invite the assumption of jurisdiction of a person not subject to it, but who was brought within its reach by the illegal and void act of the tribunal seeking its judicial power over him. The result would be that, in every case where there was an unservable defendant, a judgment could be rendered, and thereby compel him to let the void judgment stand unquestioned and unremoved, unless he were willing to submit to the jurisdiction of the court. The law is otherwise, regardless of the merits of the matter in which the decree or judgment was or was desired to be rendered.

It follows that the motion to vacate the judgment should have been unconditionally sustained and its prayer granted; and, that the proper orders may be entered below, the decree appealed from being reversed, the proceeding will be remanded to that end.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.