(122 So. 620)

**TROGNITZ v. TOUART.** (1 Div. 534.)

Supreme Court of Alabama. May 23, 1929.

William C. Taylor, of Mobile, for appellant.

F. K. Hale, Jr., of Mobile, for appellee.

BROWN, J. This appeal is from an order of Hon. Saffold Berney, one of the judges of the circuit court of Mobile county, denying the application of the appellant for a temporary writ of injunction on a bill filed to restrain the collection of a judgment by default rendered by said court in an action on a promissory note.

The bill seeks to impeach the judgment on alternative grounds—that the note was a forgery, and, if not a forgery, that there was no consideration for its execution. The bill avers that the complainant, though served with process, was prevented from presenting her defenses in the action at law, because of physical and mental disability that rendered her incompetent to attend to the business of employing counsel and defending said action.

Upon the filing of the bill, the cause was set down for hearing on the application for temporary injunction, and the defendant filed a full answer, denying the allegations of fraud and that defendant had a defense to the action at law, and also denying complainant's alleged disability, and setting up that the complainant had filed a motion to set aside the judgment on the grounds set forth in the bill, and that said motion had been heard and denied. Upon the hearing, numerous affidavits were offered, and some testimony taken ore tenus touching the merits of the controversy was adduced.

On the hearing it was made to appear, without dispute, that the judgment was entered on June 12, 1928, and on June 30, 1928, the judgment defendant, appellant here, filed a motion in the case wherein the judgment was entered to set aside on the same grounds as now alleged in the bill. This motion was continued from time to time, until October 6, 1928, when it was, by the court, denied.

The order denying the motion to set aside the judgment, so long as it stands, is conclusive of complainant's right to proceed in equity. Haughy v. Strang, 2 Port. 177, 27 Am. Dec. 648, Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369.

While an appeal is not authorized from an order overruling a motion to set aside a judgment by default, yet such order may be reviewed by mandamus. Ex parte Gay, 213 Ala. 5, 104 So. 898.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.