184 So. 820
REESE & REESE v. BURTON & WATSON UNDERTAKING CO.

3 Div. 802.

Court of Appeals of Alabama.

Nov. 29, 1938.

Warren S. Reese, Jr., of Montgomery, for appellants.

T. E. Martin, of Montgomery, for appellees.

SAMFORD, Judge.

On June 4th, 1938, the petitioners filed a petition for writ of mandamus against the Honorable Walter B. Jones, as Judge of the Circuit Court of Montgomery County, making certain allegations therein contained, upon which petition this court on June 16th, 1938, issued a Rule Nisi returnable to the call of the Second Division.

On November 15th, 1938, the Honorable Walter B. Jones, as Judge, etc., filed the following answer, to-wit:

"Now comes Walter B. Jones, as Judge of the Circuit Court of Montgomery County, at Montgomery, Alabama, and in answer to the rule nisi heretofore issued by the Honorable Court of Appeals of the State of Alabama directing him to show cause in said honorable court why the Writ of Mandamus should not issue as prayed in said above styled cause and says:

"It is admitted that if the Petitioner is entitled to relief, mandamus is the proper remedy. Therefore, the only consideration is whether or not under the facts as disclosed by this proceeding there has been such an abuse of discretion as justifies the issuance of the writ.

"In granting the motion for a new trial now complained of the lower court took due cognizance of the distinction existing between motions for a new trial filed within thirty days and those filed under the four months Statute. It realized the limitation upon the duties and discretion of the court that exists when more than thirty days have passed before a motion for a new trial is filed, and it realized the obligation and duties imposed upon the conscience and discretion of the court insofar as motions filed within thirty days are concerned.

"Evidently, the fact that these two classes of motions are provided for under our procedure is in itself evidence of the fact that they stand upon different grounds. If the same rules of proof, construction, form and content are to be applied to them both there would be no necessity of, or field of operation for, the thirty-day motion.

"Evidently, experience has shown that judgments of nil dicit, or by default, are from time to time granted, the effect of which are to defeat rather than promote the ends of justice, and, evidently, the right of the Circuit Court within its discretion to set aside such judgments within thirty days must be sustained for, to use the language of Judge Foster in the case of Garaca et al. v. Lusco, 232 Ala. 573, 169 So. 12, 13: 'Within thirty days after a default of nil dicit judgment is rendered, the court has the power on such showing as appeals to its discretion to set it aside, and its judgment in doing so is not revisable at all by appeal, but only mandamus and then only for abuse of such discretion.'

"There are any number of cases reversing the lower court's position in either granting or refusing new trials filed under the four months Statute, but such is not the case when the court acted upon motions filed within thirty days' time. Although the lower court cannot, of course, go to any fantastic extreme in the exercise of its discretion necessity dictates that there be no hard and fast rules laid down in its exercise.

"It can hardly be said that there has been an abuse of discretion where an equitable conclusion has been arrived at. The lower court fully realizes the necessity of answers being filed within the time prescribed by law but it also realizes that from time to time in the course of every lawyer's practice situations occur that result in failure to so answer. The facts that occasion these failures are nearly always dissimilar and as the relief that should be granted is dependent upon all of the facts and circumstances surrounding the granting of the default judgment and the failure to make answer within the time prescribed by law no exact rule can be laid down as to what circumstances justify the granting or refusing of a new trial. It, therefore, becomes the duty of the Court to render a decision, the effect of which, is to give substantial justice to both sides. The Court in this case has sought to exercise the supervisory powers that it has for thirty days over its judgments and decrees in a manner to protect the substantial rights of all parties.

"Here, the default judgment was taken upon the very first day that it was obtainable and was discovered by the Attorney representing the Defendants upon his return from a trip out of town a few days afterwards. A motion to set the judgment aside was immediately filed and upon the hearing this Court was persuaded from all of the evidence introduced thereon that the ends of justice could not be served otherwise than by the granting of said motion and it respectfully submits that under the law as laid down in the cases of Drennen

Motor Company v. Patrick, 225 Ala. 36, 141 So. 681, and cases therein cited, and Garaca et al. v. Lusco, 232 Ala. 573, 169 So. 12, and cases therein cited, that the Writ of Mandamus should not be granted."

Signed: "Walter B. Jones, Judge, Circuit Court of Montgomery County at Montgomery, Alabama."

It is conceded by the respondent that if the petitioners, Reese & Reese, are entitled to relief that they have pursued, the proper remedy by mandamus. Ex parte Gay, Sovereign Camp, W.O.W., v. Gay, 213 Ala. 5, 104 So. 898.

The petitioners, Reese & Reese, filed their suit in the Circuit Court of Montgomery County on the 11th day of September, 1937. The complaint contained seven counts, all of which were based upon a breach of contract. Service was had on the defendants on the 16th day of September, 1937. On the 18th day of October, 1938 (37), the case being called and the defendants failing to answer, judgment was rendered by default with a writ of inquiry, which writ was executed on October 21st, 1938 (37), wherein the jury returned a verdict assessing plaintiff's damage at $500. The proceedings were in all things regular.

On October 27, 1937, T. E. Martin, as Attorney for the defendants, filed a motion in the Circuit Court praying that the verdict and judgment should be set aside, that a new trial should be granted, and that the cause should be restored to the docket, which motion was in words and figures as follows:

"Comes the Defendants in the above styled cause and respectfully move your Honor to set aside the default judgment heretofore taken in this cause on to-wit the 18th day of October, 1937 and to set aside the jury verdict on writ of inquiry taken in this cause on to-wit: the 21st day of October, 1937, and grant to Defendants a new trial, and as grounds for Defendants' motion they assign the following:

"1. The Defendants respectfully show unto your Honor that on to-wit: the 14th day of September, 1936, the Plaintiffs filed an identical suit against defendants in the Circuit Court of Macon County, Alabama. That thereupon the Defendants employed the law firm of Powell & Powell at Tuskegee, Alabama, to defend such suit. That said cause was set down for a hearing at the successive terms of the Macon County Court and that Plaintiffs never sought to prosecute same and that on to-wit: the 11th day of September, 1937, Plaintiffs filed an identical suit in Montgomery County, Alabama. That on the 28th day of September, 1937, the Defendants employed T. E. Martin of Montgomery, Alabama to defend said suit.

"2. That the printed Court docket of the Circuit Court of Montgomery County, Alabama shows case #5868, Reese & Reese vs. M. G. Burton and C. W. Watson to be set for trial Tuesday, November 2, 1937. That the Defendants were advised that the case would be tried on that date. That on October 4th the Plaintiffs filed interrogatories in said cause to one John R. Galbraith who is now in Los Angeles, California. That Defendants' counsel was to be out of the city from the 18th to the 25th of October inclusive and in the pressure of getting everything arranged to be absent from the city for that period inadvertently overlooked filing an answer to this cause before his departure. That upon return of Defendants' counsel on Tuesday morning, October 26, 1937, Defendants' counsel realizing from his knowledge of the facts in the case that Plaintiffs could not hope to proceed without the testimony of Galbraith to whom interrogatories had been directed, called Plaintiffs expressing his willingness to agree to a continuance of the case in order to permit them to have the testimony of this witness and was informed by Plaintiffs for the first time that Plaintiffs had taken a default judgment a week before.

"3. The Defendants respectfully call the Court's attention to the fact that Plaintiffs never did proceed to trial during the time that this identical case was set in Macon County and that upon filing same in Montgomery County Plaintiffs proceeded to take a default judgment on the very first court day after service had been perfected for thirty days. That the defendants were seeking to ascertain before answering this complaint whether or not the Macon County case had been dismissed prior to the filing of the Montgomery County case in order to intelligently answer same. That the Defendants have a valid and legal defense to this suit. That the Defendants are not indebted to the Plaintiffs and that the ends of justice will be best served by this Honorable Court setting aside the default judgment in writ of inquiry and permit the Defendants a day in Court either on the

date on which the case is set on the printed calendar of this Court, that is, November 2, 1937, on any other date that the Court may see fit to fix.

"4. That the Defendants have exercised all reasonable diligence in employing counsel both in Macon County, Alabama and Montgomery County, Alabama, and that it will work a tremendous hardship upon Defendants were this default judgment permitted to stand, in that they would be deprived of an opportunity to defend an unfair and unjust suit filed against them.

"5. That the verdict rendered in this cause on the default judgment and writ of inquiry is excessive in that the suit is brought for money claimed to be due under and by virtue of a contract and that the total amount that they would be due under the contract if the contract had been carried out by the Plaintiffs would be the sum of Two Hundred Twenty-Five Dollars ($225.00) and judgment in this case is in the sum of Five Hundred Dollars ($500.00). That as a matter of fact the Plaintiffs failed to carry out the contract as executed between the Plaintiffs and Defendants and the Defendants are not indebted to the Plaintiffs in the sum of one penny. That the Defendants have a meritorious defense and have exercised reasonable diligence in attempting to protect themselves.

"Whereupon, Your Petitioners pray that your Honor will grant this motion, set aside the default judgment and jury verdict on writ of inquiry and grant to your Petitioners a new trial.

> "Respectfully Submitted,
> "M. G. Burton and C. W. Watson
> "By T. E. Martin
> "Their Attorney.

"I hereby certify that copy of this motion has this day been served upon Reese & Reese, Plaintiffs in said cause.

"This the 27th day of October, 1937.
> "T. E. Martin,
> "Attorney for Defendants.

"The State of Alabama
"County of Montgomery

"Before me, John R. Matthews, Clerk of the Circuit Court of Montgomery County, Alabama, personally appeared T. E. Martin who being by me first duly sworn doth depose and say: That the facts and things as set out in the foregoing motion are true to the best of his knowledge, information and belief.

> "T. E. Martin.

"Sworn to and subscribed before me this the 27th day of October, 1937.
> "John R. Matthews, Clerk.
"Filed in Office October 27, 1937.
> "Jno. R. Matthews, Clerk."

The motion was demurred to on a number of grounds not necessary to be considered on this appeal. After ruling on the demurrers, the Court, on November 22nd, 1937, granted the motion of defendants, setting aside the judgment and granting a new trial, to which action plaintiffs excepted.

Prior to the adoption of Section 6670 of the Code of 1923, which provides that "After the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Nisi Prius Courts retained control over their judgments within certain limits, and notwithstanding the statutory provisions, as set out in Section 9518 of the Code of 1923, such judges at nisi prius had the power to set aside judgments by default, or nil dicit, and when such orders are made by them they are not revisable, either on appeal or by mandamus, except in cases where the judges had acted captiously, in such sort, as to abuse the discretion placed upon them in such matters.

Of necessity, trial judges must be given wide discretion in certain matters to the end that they may see that justice is administered fairly, and with a due consideration of all surrounding circumstances. That is to say, courts of record have inherent power, independent of the Statute, in certain cases to set aside and vacate their orders or judgments within the time limit of thirty days as fixed by Section 6670 of the Code of 1923. 15 R.C.L. 688; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300.

Sections 9518, 9519, 9520 and 9521 of the Code of 1923, are cumulative, giving certain rights to parties litigant after the limitations fixed by Statute, wherein the trial judge loses his discretionary power over judgments rendered in his court. Mo-

tion for a new trial under these statutory provisions presents entirely different questions from those cases where the trial judge acts under a wide discretion in supervising the judgments of his court to the end that parties litigant may present their causes fairly and in order.

The power of a trial court of record over its judgments during the thirty days following the date of the judgment is very large, if not unlimited. It rests within the sound discretion to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidently entered. Formerly, the judgments of the courts were in the breast of the judge until the final adjournment of the term, and might be set aside or modified during the term. However, this time limit has now been modified so as to limit the power of the court to thirty days from final judgment. Talladega Merc. Co. v. McDonald, 97 Ala. 508, 12 So. 34; Sparks v. Reeves & Co., 165 Ala. 352, 358, 51 So. 574; Ex parte Doak, 188 Ala. 406, 66 So. 64.

The burden being upon the petitioner to clearly show to this court that the respondent, as Judge of the Circuit Court, abused his discretion in entering the order setting aside the judgment, granting a new trial, and the petitioner having failed to carry the burden, we decline to review the action of the judge, and for that reason the Writ of Mandamus is denied.

Writ denied.