74 So.2d 915

ROBINSON CO., Inc.

v.

M. L. BECK.

5 Div. 589.

Supreme Court of Alabama.

Oct. 7, 1954.

[2]. 37 Ala.App. 311.

A. B. Robertson, Jr., Clayton, for appellant.

J. A. Walker, Jacob Walker, Jr., Walker & Walker, Opelika, H. W. Nixon, Auburn, for appellee.

MERRILL, Justice.

The appellee sued appellant for damages in deceit. The appellant made no appearance or answer and when the cause came on to be heard the appellee withdrew his demand for jury trial, Title 7, § 260, as amended, Code of 1940, and the court after hearing the evidence rendered a default judgment against the appellant on November 12, 1953. On December 9, 1953, the appellant, appearing specially for the sole purpose of filing the motion, filed a motion to set aside the judgment by default. The motion was not presented to the judge until December 18th, at which time he continued it and set the hearing for January 15, 1954. Although the motion was not called to the court's attention until after thirty days from the date of the judgment, the so-called "30 day rule," as provided for in § 119, Title 13, Code of 1940, applies in this case, because we judicially know that Judge Hooten did not reside in Lee County on the date of trial and he as trial judge did not lose power over his order until the expiration of sixty days, the motion having been filed in the clerk's office within thirty days. The motion and this appeal cannot be treated as a proceeding under the four months statute because the requirements of §§ 279 and 280, Title 7, Code of 1940, are not met and appellant does not contend that the appeal was so taken. The grounds for the motion were:

"The defendant, a non-resident corporation organized and existing under the laws of the State of Nebraska, at the time of the institution of this suit, at the time of the alleged service of summons and complaint on this defendant, and at all intervening times, was not doing business by agent, or otherwise, in Lee County, Alabama, nor in the State of Alabama.

"The defendant had never qualified to do business in the State of Alabama,

and had never designated an agent in Alabama upon whom service of process could be made in any action instituted against it.

"The present suit was served upon one H. H. Lambert, Auburn, Alabama, on the 9th day of October, 1953. The defendant represents unto this Honorable Court that the said H. H. Lambert was not its agent at the time of said service, and that defendant has not been properly served within the requirements of due process."

The motion was heard and testimony of witnesses was taken ore tenus before Judge Hooten. The motion was overruled and defendant appealed, not from the default judgment, but from the order overruling the motion to set aside the judgment by default.

The one assignment of error reads: "The court erred in overruling the appellant's motion to set aside the judgment by default." Appellee insists that the appeal should be dismissed because the order overruling the motion to set aside the default judgment is not appealable, and that is the main question to be determined by this court.

██ It is settled that where it appears on the face of the record that the judgment or decree is void, it is the duty of the court upon application thereto by the party having rights or interests immediately involved, to vacate such judgment or decree at any time subsequent to its rendition; and this court has repeatedly recognized the right and propriety of appeal, whether the order to vacate be granted or refused. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116.

In the case of Ford v. Ford, 218 Ala. 15, 117 So. 462, 463, where within thirty days from the rendition of a decree of divorce the appellant filed her motion to vacate the decree on the ground that personal service of summons was not had upon the date shown by the return, but at a later date,

and that the decree thereon was prematurely entered, the court said:

"A court of record has inherent power to vacate a decree or other record when void upon its face—this to preserve the dignity of its own records, prevent injustice, and abuse of process. This may be done by original motion at any time. No notice of same is required. An appeal lies from the ruling upon such motion on behalf of an aggrieved party. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

"But here the decree of divorce is not void on the face of the record. The decree pro confesso was duly entered upon an official return of due service. The application here is to falsify the return and proceedings dependent thereon.

"* * * But we reach the conclusion that the ruling upon the motion will not support an appeal, and the same must be dismissed without decision upon the merits."

In Griffin v. Proctor, supra, the court said [244 Ala. 537, 14 So.2d 119]:

"It is well settled that where a decree has been rendered which is void on the face of the record, the court rendering it possesses the inherent power, and should, on motion, vacate said decree. Johnson v. Johnson's Adm'r, supra [40 Ala. 247]; Buchanan v. Thomason, supra [70 Ala. 401]; Chamblee et al. v. Cole, supra [128 Ala. 649, 30 So. 630]; Sweeney et al. v. Tritsch, supra [151 Ala. 242, 44 So. 184]; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, supra [215 Ala. 449, 111 So. 28]. While as a general rule the court's authority is limited to matters which appear on the face of the record, such limitation is not applicable in the event of the death of either party when the judgment or decree was rendered. Johnson v. Johnson's Adm'r, supra; Buchanan v. Thomason, supra. In the Johnson case, it was said: 'The true rule seems to be, that any court should,

on a proper application, vacate any final order, decree, or judgment, at any time subsequent to its rendition, if the same is void on the face of the proceedings and record; but not where it appears to be void from facts dehors the record, except in the case of the death of either party to the suit or proceeding, at the time the judgment or decree is rendered, and in such other cases as may be authorized by long practice, or by statute.' Campbell v. Beyers, supra [189 Ala. 307, 66 So. 651]; Ex parte City Bank & Trust Co., supra [200 Ala. 440, 76 So. 372]."

■ Was the judgment in the instant case void? The complaint states a cause of action. The sheriff's return is as follows:

"I, the undersigned sheriff of Lee County, Alabama, hereby certify that I have this day served the within summons and complaint on The Robinson Company, Inc., a corporation, by leaving a copy of the same with H. H. Lambert, its authorized agent.

"This the 9th day of October, 1953.

"(s) E. E. Lowe, Jr., Sheriff of Lee County, Ala."

Thus the record affirmatively shows prima facie that service was had and it is sufficient to authorize judgment by default, Title 7, § 188, Code of 1940; and the testimony before the trial court supports the default judgment. Therefore, on the face of the record the judgment was not void.

■ We return to the main question,—whether the order on the motion is appealable. In Colley v. Spivey, 127 Ala. 109, 28 So. 574, where the lower court had overruled the motion to set aside the default judgment, we find:

"After judgment by default against the appellant in the court below, he made a motion to set it aside on the ground that he had not been served by the sheriff with a copy of the summons and complaint. * * *

"The motion to set aside the judgment by default, was addressed to the sound discretion of the court, and is not, therefore, subject to revision on appeal. 'The action of a *nisi prius* court setting aside or refusing to set aside a judgment by default will not support an appeal to this court. * * *.'"

In Ex parte Gay, 213 Ala. 5, 104 So. 898, 899, the court said, all the Justices concurring:

"* * * But the point is taken, and in our judgment well taken, that the Court of Appeals was without jurisdiction in the premises, for the reason that the order overruling the motion to set aside the judgment was not an appealable order, nor was it assignable as error on appeal from the judgment nil dicit; the sufficient reason for this last conclusion being that the order was made—necessarily so—after the entry of judgment. The right of appeal is controlled by the statute, and and statute makes no provision for review of an order granting or overruling a motion to set aside a judgment nil dicit. * * *."

In Pinkston v. Bagley, 256 Ala. 366, 54 So.2d. 561, we said:

"Under the uniform decisions of this court, an order overruling or granting a motion to set aside a judgment nil dicit, or by default, will not support an appeal from the judgment. Ex parte Gay (Sovereign Camp, W. O. W. v. Gay), 231 Ala. 5, 104 So. 898; Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879; City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322; Lokey v. Ward, 228 Ala. 559, 154 So. 802; Kolb v. Swann Chemical Corp., 245 Ala. 438, 17 So.2d 402."

■ The question as to the proper remedy to review the action of the lower court in granting or overruling a motion to set aside judgments by default or nil dicit was carefully reviewed in Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665,. 38 So.2d 560, 561, where the court said:

"Mandamus is the appropriate remedy by which this court exercises its

supervisory jurisdiction over courts of original jurisdiction in case of abuse of discretion in the denial (Brown v. Brown, 213 Ala. 339, 105 So. 171) or in the granting (Ex parte Haisten, 227 Ala. 183, 149 So. 213) of a motion to vacate a judgment by default or nil dicit. * * *

"The motion to set aside the default judgment was filed within thirty days from the date of such judgment and was an exercise of the right of appellant to apply to the court for relief during such thirty-day period while the judgment was within the control of the court. § 119, Title 13, Code of 1940. It has been said many times by this court that until thirty days have elapsed all judgments by default or nil dicit are within the control of the court, or, otherwise stated, 'are within the breast of the court, and over such judgment during such period, the court has a discretionary power, irrevisable by mandamus, or otherwise, except for abuse of its discretion.' Drennen Motor Co. v. Patrick, 225 Ala. 36, 38, 141 So. 681, 682; Ex parte Parker, 172 Ala. 136, 54 So. 572; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412."

In the case of Trognitz v. Touart, 219 Ala. 404, 122 So. 620, 621, it was said:

"While an appeal is not authorized from an order overruling a motion to set aside a judgment by default, yet such order may be reviewed by mandamus."

See 14 Ala.Dig., Mandamus, ☜53.

■ The appellant filed a petition for writ of mandamus in the alternative on June 25, 1954. But this case was submitted to this court on April 13, 1954, and thus the petition for mandamus comes too late. It should have been submitted upon the submission of the cause and it cannot be considered. Cornelius v. Moore, 208 Ala. 237, 94 So. 57; Preddy v. Herren Sales Co., 215 Ala. 216, 110 So. 131; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563. Neither has there been "spread a motion on the docket, before the case was submitted, asking for a mandamus," as mentioned in Brady v. Brady, 144 Ala. 414, 39 So. 237, 239.

For other cases where the question of service of process on the defendant was involved and mandamus was considered by our courts see Ex parte Smith, 258 Ala. 319, 62 So.2d 792; Ex parte Haisten, 227 Ala. 183, 149 So. 213; Ex parte Crumpton, 21 Ala.App. 446, 109 So. 184.

In its reply brief filed May 24, 1954, appellant states that this appeal was taken under § 572, Title 7, Code of 1940. With reference to that contention, with which we do not agree, we merely cite the case of Taylor v. Jones, 202 Ala. 18, 79 So. 356, 357. There the court was petitioned to set aside and annul an order on the ground that the proceeding in circuit court was void on its face and of no effect. "The circuit court entertained, but denied, his petition, and taxed him with the costs, and from the judgment or order to such effect petitioner presents this appeal." The court said:

"Conceding that appellant was a proper party to make this motion, and that the court properly entertained it under section 4142 [now § 569, Title 7] of the Code, and that he has the right of appeal under § 4145 [now § 572, Title 7] of the Code, we are clear to the conclusion that the trial court ruled correctly in denying appellant's motion and taxing him with the costs. Code, § 4144 [now § 571, Title 7]. The judgment of the circuit court, quashing the proceedings of the commissioners' court, was not void on its face."

It follows that the appeal must be dismissed.

Appeal dismissed.

All the Justices concur.