89 So.2d 271

**Ex parte ALABAMA GAS CORPORA-
TION et al.**

**5 Div. 614.**

Supreme Court of Alabama.

July 26, 1956.

Rehearing Denied Sept. 6, 1956.

N. D. Denson and Yetta G. Samford, Jr.,
Denson & Denson, Opelika, for petitioner.

J. Fletcher Jones, Prestwood & Prest-
wood, Andalusia, for respondent.

SPANN, Justice.

This case is before us on petition for writ of mandamus to be directed to the Honorable Will O. Walton, as Associate Judge of the Fifth Judicial Circuit of Alabama, requiring him, as such Judge, to vacate and set aside a judgment and order made and entered by him in this cause on the 25th day of January, 1955, by which said cause was restored to the docket.

It appears that there are three suits to be affected by our decision on said petition, namely:

No. 1442— Linda Carroll, pro ami, James D. Carroll, Plaintiff, v. Alabama Gas Corporation, a Corporation, Charles D. Hazel and Willard M. McClain, Defendants;

No. 1443— James D. Carroll, Plaintiff, v. Alabama Gas Corporation, a Corporation, Charles D. Hazel and William M. McClain, Defendants;

No. 1444— Brenda Carroll, pro ami, James D. Carroll, Plaintiff, v. Alabama Gas Corporation, a Corporation, Charles D. Hazel and William M. McClain, Defendants.

These were suits for damages originally filed in the Circuit Court of Montgomery County by the plaintiffs below against petitioners. The suits were withdrawn and refiled in the Circuit Court of Chambers County. On motion of the defendants below to dismiss the suits because of non-compliance by plaintiffs with the requirements of Title 11, Section 66, Code 1940, the suits were dismissed. On the same day that plaintiffs' cases were dismissed, the costs of the original suits were paid by plaintiffs; and on motion of plaintiffs made within thirty days of the judgment of dismissal, the respondent, the court below, vacated the judgment of dismissal and restored the cases to the docket.

By stipulation of the parties, it appears that each of the three suits are between the same parties, involving the same claims and cause of action, that the law and issues are the same in each case, only one set of pleadings are to be considered and are consolidated for the purpose of consideration by this court. Accordingly, we will here treat and dispose of the matter as if one case only was pending.

Respondent contends that mandamus is not the appropriate remedy, and further by demurrer challenges the sufficiency of the petition to show an abuse of judicial discretion.

We said in Robinson Co., Inc., v. Beck, 261 Ala. 531, 74 So.2d 915, 918, quoting from our opinion in Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560, 561:

" 'Mandamus is the appropriate remedy by which this court exercises its supervisory jurisdiction over courts of original jurisdiction in case of abuse of discretion in the denial (Brown v. Brown, 213 Ala. 339, 105 So. 171) or in the granting (Ex parte Haisten, 227 Ala. 183, 149 So. 213) of a motion to vacate a judgment by default or nil dicit. * * *

" 'The motion to set aside the default judgment was filed within thirty days from the date of such judgment

and was an exercise of the right of appellant to apply to the court for relief during such thirty-day period while the judgment was within the control of the court. § 119, Title 13, Code of 1940. It has been said many times by this court that until thirty days have elapsed all judgments by default or nil dicit are within the control of the court, or, otherwise stated, "are within the breast of the court, and over such judgment during such period, the court has a discretionary power, irrevisable by mandamus, or otherwise, except for abuse of its discretion." Drennen Motor Co. v. Patrick, 225 Ala. 36, 38, 141 So. 681, 682; Ex parte Parker, 172 Ala. 136, 54 So. 572; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412.' "

In the instant case, the judgment of dismissal was within the control and discretion of the court at the time of the filing of the motion to set it aside. The motion contained none of the averments necessary to bring it within the purview of the four months statute, nor did it contain an averment that the judgment was void. It was not a motion for a new trial, but was a motion to set aside directed to the discretion of the court. On this petition for mandamus, the question is whether the court abused its discretion in setting aside the judgment of dismissal.

In Reese & Reese v. Burton & Watson Undertaking Co., 28 Ala.App. 384, 184 So. 820, 824, the court said:

"The power of a trial court of record over its judgments during the thirty days following the date of the judgment is very large, if not unlimited. It rests within the sound discretion to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidently entered. * * *"

At this point, it may be well to state that we do not view the restoring of the cause in this case as being the equivalent of granting a new trial as contemplated by Title 7, Sections 276 and 764. In Ex parte State ex rel. Atlas Auto Finance Co., supra, the court explained that the inherent power of courts to set aside their judgments within the term did not apply to granting new trials. If such were the case, reasoned the court, there would be no purpose in setting out statutory grounds authorizing the granting of a new trial. But we are not here concerned with a motion for a new trial. In Ex parte State ex rel. Atlas Auto Finance Co., supra, the court said [251 Ala. 665, 38 So.2d 565]:

" ' * * * A new trial is there said to be a "re-examination of an issue of fact in the same court after a trial and decision by a jury or court or referees," and the purpose on appeal is to determine whether the trial court erred in granting or refusing a new trial; * * *.' "

In that case, a default judgment was under consideration and was held not to imply a trial. We believe that similarly, where a cause is dismissed without a trial of the issues involved, a vacation of the judgment of dismissal and reinstatement of the cause on the docket does not amount to the granting of a new trial. In such a case the judgment of dismissal remains in the breast of the court for thirty days, pursuant to the provisions of Title 13, Section 119; and during that time it may be amended or set aside for good cause in the discretion of the court.

Here, the trial judge was bound, under the terms of the statute, Title 11, Section 66, as contended by the petitioner, to set the cause aside for non-payment of costs in the original suit. But we cannot say that the trial judge abused his discretion in vacating the judgment of dismissal when the basis for the dismissal had been removed and the object of the statute accomplished, that is, the payment of the costs.

We think, therefore, that the ground of respondent's demurrer attacking the sufficiency of the petition to show an abuse of discretion on the part of the trial judge was well taken. It follows that the demurrer to the petition is sustained for failure of the petition to allege sufficient facts to show an abuse of discretion on the part of the trial judge in granting the motion to set aside the judgment of dismissal and a consequent duty to vacate the judgment complained of.

Demurrer sustained and petition dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.