124 So.2d 675

**Ex parte SOUTHERN RAILROAD (RAILWAY) CO.**

**7 Div. 508.**

Supreme Court of Alabama.

Nov. 17, 1960.

Knox, Jones, Woolf & Merrill, Anniston, for petitioner.

Burnham & Klinefelter and Robt. C. Dillon, Anniston, for respondent.

SIMPSON, Justice.

This case concerns the application of § 66, Tit. 11, of the Code, with respect to the facts disclosed by the record.

As pertinent, § 66 reads:

"Whenever a * * * nonsuit [is] taken, * * * at the time of the filing of another suit, involving the same claim, [or] cause of action * * between the same parties * * *, the party filing the new suit must also pay into court all costs incurred in the former suit, and, upon his failure to do so, the judge, upon motion of the defendant or any other party in interest shall dismiss said action; *but upon good cause shown, the judge may permit the party to pay such costs within ten days and proceed with the suit.*" (Emphasis supplied.)

The facts are undisputed. Percy R. Haynes filed a suit for damages in the Circuit Court of Calhoun County, Alabama, against the petitioner here, Southern Railway Company, a corporation. Thereafter, on October 23, 1959, Haynes took a nonsuit in that case and filed another and similar suit. Both cases were filed in the Circuit Court of Calhoun County and were between the same parties and based on the same claim or cause of action, i. e.: a collision between Haynes' automobile and Southern's engine. At the time the second suit was filed, the costs of the first suit had not been paid. On October 31, 1959, Southern filed a motion to dismiss the second suit because the costs in the first case had not been paid as prescribed by said § 66, supra. The costs were, however, paid by Haynes on

November 1, 1959. On April 14, 1960, Southern's motion to dismiss the second suit came up for hearing. Upon said hearing, the respondent judge overruled and denied Southern's motion to dismiss, adjudging that it was within his discretion to deny said motion. This original proceeding for mandamus was later filed in this court seeking to require Judge Longshore to set aside the order overruling Southern's motion.

■■■ The single question for decision is: Was the action of Judge Longshore in overruling the motion of Southern to dismiss the second case contrary to the provisions of said § 66 quoted above?

Decision turns on whether the plaintiff, Haynes, by paying the costs of the first suit on the filing of Southern's motion to dismiss and before a hearing on the motion, has shown good cause, under the statute, so as to invoke the trial judge's discretion to allow him to "proceed with the suit". We think he has, as we will attempt to show.

Petitioner relied on Ex parte Canada Life Assurance Co., 217 Ala. 210, 115 So. 244, 246, as authority for the issuance of the writ. In that case the late and eminent Chief Justice Anderson wrote that in a situation such as is here presented the trial judge was in error in denying the defendant's motion to dismiss because in his view the plaintiff had not shown good cause for his failure to pay the costs of the first suit before or when filing the second suit. But the rest of the court disagreed with the Chief Justice and were "of the opinion that the trial court did not abuse its discretion in holding that good cause was shown". Citing Jaques v. Chandler, Ex'x, 73 N.H. 376, 62 A. 713; Sylvester v. Olson, 63 Wash. 285, 115 P. 175.

Petitioner argues that the Canada case is to be differentiated from the one at bar because here the plaintiff did nothing to show good cause but to pay the costs of the first suit when his failure to do so was called to his attention by the filing of Southern's motion to dismiss. This court, however, entertains the view that as much good cause,

in law, is shown here by the payment of the costs of the first suit as was shown in the Canada case. We are reinforced in this view by the cases cited by the court in Canada at the conclusion of the opinion. Jaques v. Chandler, Ex'x, 73 N.H. 376, 62 A. 713; Sylvester v. Olson, 63 Wash. 285, 115 P. 175. The practical holding of those cases is that good cause is shown when it would be reasonable and just between the parties. Certainly it would be reasonable and just between the parties here to allow Haynes to proceed with his suit since no one has been prejudiced. Thus was the import of the conclusion in Ex parte Alabama Gas Corp. 265 Ala. 26, 28, 89 So.2d 271, 274, where the court observed that the impediment to proceeding with the trial of the cause had been removed "and the object of the statute accomplished, that is, the payment of the costs".

It is perhaps well to take some notice of the last cited case. In that case the trial court granted the defendant's motion to dismiss the second suit because the costs of the first suit had not been paid, but when the plaintiff immediately thereafter paid the costs of the first suit the trial court within thirty days, on motion of plaintiff, vacated the judgment of dismissal and reinstated the cause on the docket. This court then held that the judge did not abuse his discretion in this last order. It would be inefficient circumlocution of judicial procedure to hold here that the trial court should dismiss the plaintiff's case and then may grant a motion to reinstate the cause, as was done in the last-mentioned case.

We hold, therefore, that the trial court did not abuse its discretion in refusing Southern's motion to dismiss and allowing the plaintiff to proceed with the suit. The issuance of the rule was therefore improvidently ordered.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.