304 So.2d 610

**In re Donald BURKS et al.**

**v.**

**Oscar M. ZEANAH et al.**

**Ex parte Grace ETHEREDGE.**

**Civ. 390.**

Court of Civil Appeals of Alabama.

Dec. 11, 1974.

J. Victor Price, Jr., Montgomery, for petitioners.

Speake & Speake, Moulton, for respondents.

PER CURIAM.

This matter arises from a petition for writ of mandamus to compel respondent judge to vacate a judgment. The original judgment was entered in favor of the Lawrence County School Board in an action in which the petitioner was a named defendant, but was never served with notice of the proceeding.

On April 27, 1973, petitioner, a tenured teacher, received a letter from the Superintendent of Education of Lawrence County. The letter advised petitioner that her "contract as principal" would not be renewed for the 1973–1974 school year.

On May 21, 1973, petitioner received a second letter from the superintendent informing her that she had been transferred to a teaching position in the Lawrence County School system for the 1973–1974 school year as a guidance counselor.

Petitioner thereafter requested that the school board send her a W–2 form for her income tax files indicating the pay she received for sick leave during the 1972–1973 school year. In response to this request the board sent a letter to her on June 14, 1973. In this letter the board notified petitioner that "normally W–2 forms are not issued at this time of year, unless that person is terminated, *which you are not.*" (Emphasis added.) Additionally, the letter included the following as a closing paragraph:

"I do not know your intention, but the Board intended to offer you another position at no reduction in salary and probably less strenuous both mentally and physically. They and I will be glad to discuss this with you."

By this letter and also several other unsuccessful attempts the board attempted to meet and discuss the situation with petitioner.

The first notice the school board received that the proposed transfer was unacceptable was a letter on August 6, 1973, to the board from the State Tenure Commission. The letter was in response to a petition filed with the commission by the petitioner in which she alleged that her employment had been terminated by the board in the absence of procedure regularities, to wit, Tit. 52, §§ 355, 359, Ala.Code (1940).

A hearing was held before the State Tenure Commission on August 17, 1973, which resulted in a ruling by the commission on August 22. The pertinent parts of the ruling are:

"After hearing arguments of counsel and reviewing the record, the Commission is of the opinion that the letter of April 27, 1973, to non-renew the contract of Miss Etheredge, who was on continuing service status as principal of Hazelwood High School, did not meet the procedural requirements of due process as set forth in Title 52, § 359, Code of Alabama, 1940, As Amended, for cancellation of contract.

"The Commission further finds that the letter of May 21, 1973, assigning Miss Etheredge to a teaching position at Lawrence County Technical School as guidance counselor, does not conform to the requirements of Section 355, Title 52, Code of Alabama, 1940, As Amended, for transfer of teachers.

"The Commission hereby orders the Lawrence County Board of Education to reinstate Miss Grace Etheredge as principal of Hazelwood High School and that she be continued in such position until properly transferred pursuant to procedural requirements under Section 355, Title 52, Code of Alabama, 1940, As Amended, or dismissed under procedural requirements under Section 359, Title 52, Code of Alabama, 1940, As Amended."

Seeking review of the Tenure Commission action, the board filed a petition for mandamus with the Circuit Court of Lawrence County in accord with Alabama law. Tit. 52, § 361, Ala.Code (1940). Named as defendants by the board were the members of the State Tenure Commission and also petitioner. Service was had on all named defendants except petitioner.

The action was heard before Judge Burney on October 15, 1973. No appearances were made by the defendants or by counsel on behalf of the defendants.

A ruling was issued by Judge Burney on October 22, 1973. In his ruling the learned judge, after a recitation of the facts, held that:

"Following consideration of the oral testimony and the record submitted, the Court is of the opinion that the communications by the Board of Education to the Defendant, GRACE ETHEREDGE, were timely made and the personnel actions of the Board with respect to her, as communicated by said notices were within the purview and authority of the Board of Education of Lawrence County Alabama.

"The Court is further of the opinion that the method of perfecting an appeal from a final personnel action of a Board of Education in the State of Alabama, to the State Tenure Commission is statutory and clearly mandated in Title 52, Section 356 and Section 359 of the Code. Adherence to the procedural require-

ments in perfecting timely notice of such appeal from actions of Boards of Education has been characterized by our Courts as mandatory and prerequisite to invoking the jurisdiction of the Tenure Commission.

"It is the opinion of the Court and the Court finds as a fact from the review of the evidence in this case, that Defendant, GRACE ETHEREDGE, wholly failed to follow the procedures set forth by the statutes in legally invoking the jurisdiction of the Tenure Commission and the Court concludes that the Commission was without jurisdiction or legal authority to entertain consideration of the proceedings brought by the original petition for and on behalf of the said Defendant, ETHEREDGE, and said Commission should have declined to entertain jurisdiction of said proceedings.

"The Court is further of the opinion that the Board of Education had no intention of terminating the employment of Defendant, ETHEREDGE, as a teacher in the school system of Lawrence County, Alabama, but rather the transfer as evidenced by the letter of May 21, 1973, from her principalship of Hazlewood [sic] High School to the position as Guidance Counselor of the Lawrence County Vocational School, was within the authority of the Board and consistent with its responsibility to administer the personnel requirements for teachers and administrators in the Lawrence County School System and constituted a recognition of her status in the school system as a tenure teacher. The Court further finds that said transfer was without loss of salary or loss of status otherwise. The Court is further of the opinion that such transfer was not based upon personal or political reasons by the Superintendent or any member of the Board.

"It is therefore, ORDERED, that the decision and order of the Alabama State Tenure Commission of August 22, 1973,

directing the Lawrence County Board of Education to reinstate the Defendant, GRACE ETHEREDGE, to her former position at the Hazlewood [sic] High School, Town Creek, Alabama, be and the same is hereby declared as without legal justification and hereby set aside and held for naught."

On December 21, 1973, approximately three months after the trial court's order, petitioner filed a motion, styled, "Motion to Vacate Judgment and Order Rehearing." In this motion petitioner assigned as grounds that she, the real party in interest, was not given notice of the October proceedings.

On March 19, 1974, petitioner requested that the motion be set down for hearing. Judge Burney ordered that the Motion to Vacate Judgment and Order Rehearing be heard on April 12, 1974. Notice was then sent to the attorneys for all the parties, including petitioner Grace Etheredge. On the appointed date the board appeared by attorney. Petitioner, however, did not appear, either in person or by attorney. Judge Burney then ordered that petitioner's motion for rehearing be denied. Petitioner received a copy of this letter on April 17.

In June 1974, petitioner filed a petition for writ of mandamus with this court to compel respondent Judge Burney to vacate his judgment against petitioner of November 8, 1973, or to show cause why he should not do so. This court granted the petition and issued a rule *nisi* to respondent.

Petitioner contends that the order of respondent was void because it is apparent from the record that no notice was given to petitioner of the October 15, 1973, hearing. Therefore, the petitioner contends that respondent should have vacated his judgment.

This court, however, is of the opinion that petitioner's remedy was by appeal, and not mandamus.

■ Mandamus will not lie where there is an adequate remedy by appeal and it will not be granted for purposes of review or as a substitute for appeal. Ex parte Helbling, 278 Ala. 234, 177 So.2d 454.

As our supreme court held in McDonald v. Lyle, 270 Ala. 715, 718, 121 So.2d 885, 887:

"Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the subject matter or of the defendant, it is the duty of the court, on application by a party having rights and interests immediately involved, to vacate the judgment or decree at any time subsequent to its rendition. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; and where the judgment or decree is void on its face, the court rendering it has inherent power to vacate it on motion, and such power is not dependent on statute. Colquett v. Williams, 269 Ala. 383, 113 So.2d 347; Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915. Appeal is the proper remedy where the trial court fails to vacate such void judgment or decree. Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915; Griffin v. Proctor, 244 Ala. 537, 14 So. 2d 116."

We find this dispositive of the issue.

■ It is clear that petitioner on approximately April 15, 1972, did, in fact, receive notice of respondent's denial of her motion to vacate. It is also equally clear that petitioner's writ of mandamus is to compel the judge to vacate his prior order or, put another way, this court is being asked to grant petitioner's motion to vacate. As seen from the above, appeal is the proper remedy where the trial court fails to vacate a void judgment or decree.

By the above, this court should not be interpreted as holding that petitioner Grace Etheredge was, in fact, a necessary party to the original proceedings in the Circuit

Court of Lawrence County. Such determination is not necessary to the disposition of this case.

The rule *nisi* or alternative writ is withdrawn and the peremptory writ is denied.

We further note that, pursuant to Supreme Court Rule 52, any deficiencies existing in appellant's original brief were corrected.

Writ denied.

All Judges concur.