# Southern Railway Co. *v.* Ward.

## *Garnishment Suit.*

1. *Garnishment; service of garnishment does not authorize judgment against defendant without service or appearance.*—Service of a writ of garnishment issued in aid of a pending suit does not confer jurisdiction of the defendant in said suit so as to authorize a personal judgment against him, without personal service on, or appearance by, such defendant.

2. *Same; judgment against garnishee without proper service on de-*

[Southern Railway Co. v. Ward.]

*fendant void.*—A judgment against a garnishee based upon a personal judgment rendered against a non-resident defendant, which was rendered without personal service on, or any appearance by, such defendant, is void and furnishes no protection to said garnishee against a subsequent garnishment for the same fund.

APPEAL from the City Court of Birmingham.
Tried before the Hon. CHAS. A. SENN.
On the 29th day of April, 1898, W. P. Ward, the appellee, commenced a suit in the city court of Birmingham, against W. P. Bewley, to recover of him one hundred dollars due by promissory note, and on the 28th of November, 1898, he recovered a judgment in said court against the defendant for $126 and costs. In aid of this suit, on the day the summons was issued, the plaintiff sued out a writ of garnishment against the Southern Railway Co., the appellant, and the writ was duly executed that day on the garnishee. In response to this writ of garnishment, the Southern Railway Company filed its answer, in which were averred the following facts: On the 19th day of April, 1898, B. M. Allen, having commenced suit in the justice's court of W. T. Robinson, against said W. P. Bewley to recover of him the sum of $95, sued out a writ of garnishment from said justice's court against the appellant company in aid of said suit against said Bewley. On the 16th May, 1898, the said B. M. Allen, who was plaintiff in the afore-mentioned suit against said W. P. Bewley, sued out an ancillary attachment in aid of his said suit, against the defendant, on the ground that he was a non-resident of Alabama, which attachment was the same day executed by garnishing the appellant as debtor to said defendant. After the service of this garnishment, in aid of said attachment suit, said B. M. Allen took a judgment in said justice's court against the defendant, without personal service on him and without appearance by him in said cause. On the 29th April, 1898, the garnishee filed an answer in said original suit against the defendant, admitting an indebtedness of $91.25 to defendant; but it does not appear that it filed any answer as garnishee in the attachment case by said Allen against the defendant.

After said Allen had taken said judgment against the defendant in the original suit, he procured an order from the justice of the peace, in whose court his said judgment had been rendered, condemning $91.25, the amount admitted by the garnishee to be in its hands belonging to said defendant, Bewley, and on the order of said justice, the garnishee paid into said justice's court the sum of $95, being the amount owing by it to the defendant, less 25 cents, a fee for making its answer.

The foregoing facts appear from the answer of the garnishee and were admitted by both parties to be true. Thereupon the plaintiff moved the court to render a judgment against the garnishee on its answer; and the cause was submitted on this motion.

The court rendered judgment in favor of the plaintiff against the garnishee, to the rendition of which judgment the garnishee duly excepted. The garnishee appeals, and assigns as error the rendition of judgment against it in favor of the plaintiff.

SMITH & WEATHERLY, for appellant.—The service of a garnishment creates a lien in favor of the plaintiff, (Code, § 548 and authorities) and operates to place the property in the hands of the garnishee, constructively, *in custodia legis*, and is an effectual attachment of the property and effects of the defendant in the garnishee's possession.—8 Amer. & Eng. Ency. Pleading, (1st ed) 1198, § 9. The lien is inchoate and is conditional upon the obtaining of a valid judgment against the defendant. *Phillips v. Ash*, 63 Ala. 414; *Cordaman v. Malone*, 63 Ala. 556; *Scarborough v. Malone*, 67 Ala. 570; *Berney Nat. Bank v. Pinckard*, 87 Ala. 577.

A suit commenced by attachment is not a proceeding *in rem*, but is personal against the defendant; and the judgment therein authorized is not merely one of condemnation of the property attached, but is personal and general, as in a suit commenced by summons and complaint. An attachment against a non-resident serves a double purpose, first giving notice to defendant, affording him an opportunity to appear and defend; secondly, the creation of a lien.—*Betancourt v. Ebelin*, 71 Ala. 461.

Unless this judgment is void on its face the garnishee who obeyed its mandate will be protected on collateral attack.—*Betancourt v. Eberlin, supra; Reynolds v. Collins,* 78 Ala. 96.

L. C. BRADLEY, *contra.*—The service of garnishments or summons on a person indebted to the defendant creates inchoate liens on the indebtedness in the order of their service.—Code of 1896, § 548; *Loan Association v. Weems,* 69 Ala. 589; *Warfield v. Campbell,* 38 Ala. 531.

The lien created by service of a garnishment on summons is dependent upon the recovery of a valid personal judgment against the defendant; and when such judgment is recovered the lien of the garnishment relates back to the date of its service.—*Warfield v. Campbell, supra; Loan Association v. Weems, supra; Whorley v. R. R.,* 72 Ala. 20; *Byers v. Baker,* 104 Ala. 173.

A valid personal judgment cannot be had without personal service of process on the defendant or voluntary appearance by him.—22 Am. & Eng. Encyc. of Law, 141; *Bank v. Clement,* 109 Ala. 280; *Penoyer v. Neff,* 95 U. S. 714. There cannot therefore be a valid judgment against a garnishee in garnishment on summons without a valid personal judgment against the defendant.—8 Am. & Eng. Encyc. of Law, 1218 B; *Lee v. Ryal,* 68 Ala. 354; *Byers v. Baker,* 104 Ala. 173. This judgment must be recited in the judgment against the garnishee.—*Whorley v. R. R., supra;* 8 Amer. & Eng. Encyc. of Law, 1244 (3).

HARALSON, J.—It appears from the statement of facts, that there were six proceedings in the city court, viz., a suit by summons and complaint by B. M. Allen against W. P. Bewley, and a garnishment suit in aid thereof against the appellant company, prior in point of time to the others that followed; second, a suit by summons and complaint by the appellee, W. P. Ward, against said defendant, and a garnishment in aid thereof, against the same company, which proceedings were subsequent to the said original suit of said B. M. Allen, but prior in point of time to the others that followed; and, third, an ancillary attachment sued out by said B. M. Allen against said defendant, Bewley, on the ground

that he was a non-resident, which was executed by summoning the said appellant company as garnishee.

From this statement it is clear, that if the garnishment issued out of the justice's court in aid of the original suit in that court, of Allen against defendant, Bewley, had been made effectual by proper judgment against the garnishee, it would have been superior to the garnishment by the appellee, Ward; but, it is admitted that in the Allen case, service of process was never had on the defendant, and he never appeared therein. The defendant being a non-resident and never having been served or never having appeared, the plaintiff had no authority to take a personal judgment against him, and if not, no judgment of condemnation of the fund in the garnishee's hands could have been rendered.—*Brake v. Curd Sinton Mfg. Co.,* 102 Ala. 339; *Byars v. Baker,* 104 Ala. 173; *Exchange N. Bank v. Clement,* 109 Ala. 270. In the case last cited, departing from the rule theretofore prevailing in this State, it was held, that an attachment against a non-resident, when executed by the levy on property or by garnishment against defendant's debtor, was a proceeding in the nature of a proceeding *in rem*, rather than that of a proceeding *in personam;* that the judgment rendered must correspond to the nature of the proceeding; that of necessity, it must ascertain and declare the amount of the debt, claim or demand sought to be enforced by attachment, and that this must be ascertained and declared in the same mode and form as if the suit was *in personam*, etc.

The proceedings before the justice are not fully set out, but results of such proceedings are merely stated in the answer of the garnishee. If, however, the judgment rendered against the defendant by the justice in favor of Allen, was a judgment *in personam*, then according to our more recent adjudications, it was void, and could not become the foundation of the judgment afterwards rendered against the garnishee; and in such case, the judgment of the appellee, Ward, against defendant on personal service, and the one thereafter rendered in his favor against the garnishee, would be superior to the Allen garnishment. But the contention of appellant,—to

state it in the language of its counsel,—is that "the original garnishment was not void *ab initio;* but, on the contrary, created an inchoate lien on' the fund in the garnishee's hands, subject to be forfeited on the obtaining of a valid judgment against the'non-resident defendant, Bewley. This judgment was obtained'as the result of securing legal service of process on him by attachment." The vice of this contention is, that it assumes that the levy of the attachment by service of the writ of garnishment, was the equivalent and answered the purpose of personal service on defendant or appearance by him. But such an execution of the attachment did not, according to our later decisions, take the place of personal service on or appearance by defendant, and could not support a personal judgment against defendant. Nor did the plaintiff, Allen, rely on the garnishment in the original suit; for, recognizing the fact that it was unavailing to take the place of service, he sued out his ancillary attachment. If he had regarded the execution of the writ of garnishment as the equivalent of personal service, as formerly it was held to be, he would have proceeded to judgment in his case, without resort, afterwards, to the writ of attachment and its execution by garnishment process on appellant, as a foundation to condemn the fund attached. This was all that was open to him. Whatever rights, therefore, he gained against the defendant and to the fund in the hands of the garnishee, arose out of the attachment and its execution by garnishment writ on appellant, and not out of his original suit by summons and complaint, and garnishment in aid thereof. His two proceedings were distinct, in which separate results were proposed, and might be attained.—*Francis-Chenoweth H. Co. v. Bailey,* 104 Ala. 566. Allen, therefore, acquired no lien on, and had no right to the condemnation of the fund except under his attachment, and this was subsequent to the garnishment and the lien of the appellee thereunder, made effectual by his judgment against defendant on personal service, and the condemnation of the fund in appellant's hands to pay the same.

Affirmed.