(102 So. 793)

### Ex parte STATE ex rel. ST. PETERS M. BAPTIST CHURCH. (6 Div. 246.)

(Supreme Court of Alabama. Jan. 15, 1925.)

**1. Mandamus ☞172—In absence of demurrer or answer, only question presented is whether facts alleged entitled petitioner to writ.**

On an application for writ of mandamus where the respondent neither demurs nor answers the only question presented is whether the facts alleged entitled petitioner to the writ.

**2. Garnishment ☞135—Garnishee held party to civil suit in court of law required to answer interrogatories propounded.**

A garnishee, whose answer is contested by the plaintiff under Code 1907, § 4325, is such a party to a civil suit in a court of law as will entitle plaintiff to require him to answer interrogatories propounded under sections 4049, 4050, 4055, 4057, in view of provisions of sections 4325, 4326, 4327, and 4334 relating to contests of garnishee's answer, the provisions of section 4316 authorizing garnishee to be examined orally not being exclusive.

Original petition by the St. Peters M. Baptist Church for mandamus to Hon. C. B. Smith, as Presiding Judge of the Circuit Court of Jefferson County. Writ awarded.

M. B. Grace, of Birmingham, for petitioner.

The garnishee, when answer is contested, is such a party to a suit as may be required to answer interrogatories propounded under the statute. Code 1907, § 4049; Code 1923, § 7764; Seeley v. Clark, 78 N. Y. 220; U. S. v. Henderlong (C. C.) 102 F. 2; Green v. Bogue, 158 U. S. 478, 15 S. Ct. 975, 39 L. Ed. 1061; Hunt v. Haven, 52 N. H. 162.

Powell & Powell, of Birmingham, for respondent.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an application by petition of the St. Peters M. Baptist Church, a religious organization, against Hon. C. B. Smith, the presiding judge of the circuit court of Jefferson county, for an order or writ of mandamus requiring him to vacate and set aside an order entered by him on June 24, 1924, overruling the motion filed by the petitioner to require the St. Paul Methodist Episcopal Church to answer interrogatories propounded to them as garnishee in the case of "St. Peters M. Baptist Church, Plaintiff, v. Tri-State Construction Company, Defendant, and the St. Paul Methodist Episcopal Church, Garnishee," and in lieu of said order to enter an order sustaining said motion and requiring the garnishee to answer the interrogatories.

[1] This petition for this writ of mandamus was presented to, and filed in this court on July 7, 1924; the presiding judge accepted service of notice of it on July 14, 1924. He neither demurs to it nor answers it, so the question presented is whether the facts alleged, verified by affidavit in the petition, entitle petitioner to the writ.

The petitioner filed suit for over $1,000 against the defendant, and had writ of garnishment under the statute served on the garnishee. The garnishee answered no indebtedness due or to become due to the defendant. The plaintiff, petitioner, duly controverted that answer of the garnishee in the form and manner allowed and provided by the statute. Section 4325, Code 1907. The plaintiff, petitioner, filed interrogatories to be propounded to the garnishee in the manner, form, and as required by section 4049 of the Code of 1907. The garnishee was served with a copy of the interrogatories as section 4050 of the Code of 1907 requires. The garnishee refused to answer the interrogatories within the time allowed by the statute, and the plaintiff filed motion in the cause requesting the court to require the garnishee to answer them. The court overruled the motion, declined to grant it, "holding and ruling that the garnishee in a suit was not such a party to a civil suit as was contemplated by section 4049 of the Alabama Code of 1907, and the statute only applied to parties plaintiff or complainant or defendant and to no others." Section 4049, Code 1907, states:

"Either party to a civil suit * * * may file * * * interrogatories to be propounded to him."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Section 4057, Code 1907, states:

"The party is bound to answer all pertinent interrogatories, unless by the answer he subjects himself to a criminal prosecution."

The court on failure of a party to answer the interrogatories, thus propounded under the statute in a civil suit, is in duty bound to compel him to answer or to exercise a sound judicial discretion and punish him in one of the ways provided by the statute. Section 4055, Code 1907; Woodmen of the World v. Alford, 206 Ala. 18, headnote 5, 89 So. 528.

[2] This suit of plaintiff (St. Peters M. Baptist Church against the Tri-State Construction Company) is for an amount involving over $1,000, and is a civil suit. Is the garnishee, the St. Paul Methodist Episcopal Church, such a party to a civil suit as may be required to answer interrogatories propounded to it by the plaintiff, under section 4049 of the Code of 1907, when the answer of the garnishee has been contested by the plaintiff under section 4325 of the Code of 1907? This is the only question presented by the petition for decision. This section (4049, Code 1907) is different from section 7764 in the Code of 1923. The latter section contains these words, "and including proceedings on contest of answer of a garnishee," which does not appear in the former section. It is true section 4049 of the Code of 1907, as it appears in the Code of 1923, section 7764, declares either party to a civil suit in a court of law or equity, includes proceedings on contest of the answer of a garnishee, but this does not aid us in reaching a correct conclusion in this matter, because this order of the circuit court was made on the 24th of June, 1924, the petition was filed in this court on July 7, 1924, and the Code of 1923, containing this charge in the statute, did not go into effect until August 17, 1924.

When the answer of the garnishee is contested by the plaintiff, the statute (section 4325, Code 1907) provides how the issue must be made up between them, and this statute states "and if required by either party, a jury must be impaneled to try such issue." Here, the statute in using the words "either party" refers to the plaintiff and garnishee. There is an issue between them to be decided by the court or jury. The statute thus calls the garnishee a "party" to this issue in a civil suit in a court of law. A similar expression, calling the garnishee a "party" to the suit, is found in section 4326, Code of 1907, when the answer of the garnishee is contested by the defendant. If such issue on the contest is found against the garnishee, judgment must be rendered against him in favor of plaintiff, etc. Section 4327, Code 1907. This clearly indicates the garnishee on a contest of his answer by a plaintiff is a party to a civil suit in a court of law liable to have judgment against him; and the statute (section 4334, Code 1907) allows the garnishee to appeal to the Supreme Court from a final judgment against him on the contest of his answer. This court has heretofore clearly expressed itself on this subject. It wrote in Steiner Bros. v. First Nat. Bank of Birmingham, 115 Ala. 384, 22 So. 31, as follows:

"A garnishment, as it has often been defined and described in the course of judicial decision, is 'the institution of a suit by a creditor against the debtor of his debtor, and is governed by the general rules applicable to other suits adapted to the relative situation of the parties.' 1 Brick. Dig. 173, § 276. Such being the nature and character of the proceeding, it follows necessarily that the judgment rendered, as between the parties, the plaintiff instituting it, and the garnishee standing in the relation of a defendant, has all the properties and qualities of finality and conclusiveness of a judgment rendered in any other civil suit. A judgment against the garnishee in favor of the plaintiff, as finally and conclusively fixes and determines the liability of the garnishee and the rights of the plaintiff, as if it had been rendered in a suit inter partes commenced in the ordinary mode of instituting civil suits; and such is in effect the declaration of the statute. Code of 1886, § 2983. A judgment against the plaintiff, discharging the garnishee, the only final judgment which can be rendered in his favor, as conclusively adjudges that he was not subject to the process, was not the debtor of the plaintiff, and had not possession, or custody, or control of effects of such debtor. Either judgment—the one in favor of the plaintiff, or that in favor of the garnishee—concludes the rights of the parties in respect to the cause of action involved—the matter of right asserted by the one and denied by the other."

The foregoing was approved in Roman v. Montgomery Iron Wks., 156 Ala. 604, 47 So. 136, 19 L. R. A. (N. S.) 604, 130 Am. St. Rep. 106, by this court. See, also, Rayford v. Faulk, 154 Ala. 285, 45 So. 714, where it is again cited with approval.

It is true the garnishee must answer the garnishment under oath, and the plaintiff may require him to be examined orally in the presence of the court (section 4316, Code 1907), but this does not prevent the plaintiff after contesting the answer of the garnishee from filing with the clerk interrogatories to be propounded to him as permitted by section 4049, Code 1907. After the contest of the answer is instituted by the plaintiff under the statute (section 4325, Code 1907), against the garnishee a civil suit is then pending between the plaintiff and the garnishee, and section 4049 of the Code of 1907 applies to each of them as parties and to the suit between them. Authorities, supra.

So we must conclude and hold under the foregoing statutes and authorities that a garnishee, when the answer is contested by the plaintiff under section 4325, Code 1907, is such a party to a civil suit in a court of law as will permit the plaintiff under section 4049 of the Code of 1907 to file with the clerk

interrogatories to be propounded to him. Authorities, supra.

The trial court should have granted and not overruled the motion of the plaintiff, and it should have required the garnishee to answer as the statutes direct the interrogatories propounded to it by the plaintiff and filed with the clerk. Sections 4049, 4055, Code 1907.

Let the writ of mandamus issue as prayed for in the petition.

Writ of mandamus awarded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.