(111 So. 28)

**STATE ex rel. ST. PETER'S M. BAPTIST CHURCH v. SMITH, Judge. (6 Div. 784.)**

(Supreme Court of Alabama. Jan. 13, 1927.)

1. Mandamus ⟨⇒⟩164(4)—Answer to petition for mandamus is accepted as true to extent thereof, and undisputed allegations of petition looked to for rest.

Respondent's answer to petition for mandamus is accepted as true to extent it goes, and beyond that court looks to undisputed allegations of petition.

2. Garnishment ⟨⇒⟩177—Valid judgment against defendant is essential to valid judgment against garnishee.

Valid judgment against principal defendant is essential to validity of final judgment against garnishee.

3. Garnishment ⟨⇒⟩177—Judgment against garnishee was unauthorized, where nonresident principal defendant was not served and never appeared generally.

Where principal defendant, a nonresident, was never served by publication or otherwise and never appeared generally, judgment against garnishee was not authorized.

4. Judgment ⟨⇒⟩386(3)—Court must set aside void judgment at any time on application of party affected.

Where it appears on face of record that judgment is void, it is court's duty at any time,

on application of any party having rights or interests affected, to set it aside.

Original petition by the State of Alabama, on the relation of St. Peter's M. Baptist Church, for mandamus to Hon. C. B. Smith, as Judge of the Tenth Judicial Circuit. Writ denied.

M. B. Grace, of Birmingham, for petitioner.

Respondent had no power to vacate at a subsequent term the judgment theretofore entered. Tippins v. Peters, 103 Ala. 196, 15 So. 564; Briggs v. Tenn., etc., R. Co., 175 Ala. 130, 57 So. 882; McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62; Ex parte Brickell, 204 Ala. 441, 86 So. 1. Plaintiff may at a subsequent term examine the garnishee orally before the court and contest oral answer. First Nat. Bank v. Dimmick, 177 Ala. 571, 58 So. 658. A garnishee in attachment is not permitted to plead any defense which is personal to the principal defendant. Davis v. L. N. Dantzler Lbr. Co., 126 Miss. 812, 89 So. 148; Id., 257 U. S. 632, 42 S. Ct. 183, 66 L. Ed. 407.

H. M. Powell, of Birmingham, for respondent.

When a court has made a final order or decree which on its face is void, it should vacate same whenever its attention is called thereto. Acre v. Ross, 3 Stew. 288; Ex parte Sanford, 5 Ala. 562; Hood v. Bank, 9 Ala. 335; Schwarz v. Oppenheimer, 90 Ala. 462, 8 So. 36; Glass v. Glass, 76 Ala. 368; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Id., 151 Ala. 670, 44 So. 186. A valid judgment against the principal defendant is essential to the validity of a final judgment against the garnishee. 28 C. J. 319; Southern R. Co. v. Ward, 123 Ala. 400, 26 So. 234, 82 Am. St. Rep. 129.

SAYRE, J. Petitioner, St. Peter's M. Baptist Church, a religious corporation, filed its declaration against the Tri-State Construction Company, a nonresident business corporation, seeking to recover judgment on a moneyed demand. A writ of garnishment was served on the St. Paul Methodist Episcopal Church. No service otherwise was had on defendant. Respondent's answer alleges that—

"The defendant was a nonresident and was never before the court other than by a special appearance."

One branch of the controversy thus set on foot was considered in Ex parte State ex rel. St. Peter's M. Baptist Church, 212 Ala. 365, 102 So. 793. But the facts there appearing differed in some material respects from those now before the court. No judgment was rendered against defendant. It appears from the return to the alternative writ in this case that petitioner had filed a contest of the garnishee's answer denying indebtedness, but the contest had on motion been stricken; this, we must assume on the facts alleged, for the reason that the so-called contest had been filed after the lapse of the term at which the answer was filed. Roman v. Baldwin, 119 Ala. 257, 24 So. 360. Still later plaintiff filed interrogatories in writing to the garnishee, intending thereby to proceed in accordance with the provision of section 7764 of the Code of 1923. As to that, see 212 Ala. 365. The garnishee failed to answer these interrogatories. It had already fully answered orally. On September 21, 1925, judgment was entered as follows:

"Judgment for plaintiff and against garnishee, St. Paul Methodist Episcopal Church, a religious corporation, for failure to answer interrogatories, with leave to prove damages."

At a subsequent term, March 24, 1926, garnishee moved the court to set aside the judgment of September 21, 1925, on the ground that said judgment was without the jurisdiction of the court, for the reason that there had been no judgment against the defendant, nor had defendant ever been brought into court. This motion was granted on June 26, 1926, and the judgment set aside. Plaintiff now appeals to this court for its writ of mandamus commanding the judge of the circuit to set aside and vacate the order and judgment last above stated.

[1] Respondent's answer, to the extent it goes, is accepted as true. Further than that the court looks to the undisputed allegations of the petition. Longshore v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Scudder-Gale Grocery Co., 120 Ala. 434, 25 So. 44.

[2, 3] From the ancillary character of the proceeding by garnishee, it follows that a valid judgment against the principal defendant is essential to the validity of a final judgment against the garnishee. The principal defendant in this case being a nonresident and never having been served by publication or otherwise, and having never appeared generally, there was no authority for a judgment against it, and, such being the case, judgment of condemnation against the fund in the garnishee's hands, if any, was without the power of the court. Southern Railway v. Ward, 123 Ala. 400, 26 So. 234, 82 Am. St. Rep. 129; 28 C. J. 319.

[4] Where it appears on the face of the record that a judgment is void, and the necessary inference from the respondent's return is that the principal defendant had in no wise been brought before the court for judgment, and, certainly, no judgment against it had been rendered, it is the duty of the court at any time, upon application of any party having rights or interests thereby

affected, to set aside the judgment. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

The respondent proceeded in accordance with these principles of law, and the writ to command a different course must be denied.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.