The petitioner, Hal Maxim Atchley, filed this petition for a writ of mandamus directing Judge Jenifer C. Holt to recuse herself from presiding over his trial for the offense of intentional murder. In June 2002, Atchley was indicted by a Jackson County grand jury for murder. He was arrested in May 2005. The case was assigned to Judge Holt. Atchley moved that Judge Holt recuse herself from the case because, he argued, when she was in private practice she represented Atchley on an escape charge and they had had a confrontation. Judge Holt entered a written order denying the motion. Atchley filed a second motion asking Judge Holt to recuse. Judge Holt denied that motion; this petition followed. We stayed all action in the circuit court pending the resolution of this mandamus petition and directed the respondents to answer the allegations contained in the petition.
A petition for a writ of mandamus is the proper method by which to review a circuit court's ruling on a motion *Page 765 
to recuse. See Ex parte Adams, 910 So.2d 827
(Ala.Crim.App. 2005); Ex parte Eubank, 871 So.2d 862
(Ala.Crim.App. 2003).
In Atchley's affidavit attached to the motion to recuse, Atchley states the following:
 "Judge Jenifer C. Holt represented me as a defense counsel on a previous charge of escape, case number CC-86-51.
 "On or about April 1, 1986, a confrontation arose between me and Judge Holt outside the courtroom when she continued to insist that I plead guilty to the charge of escape, that I was not guilty of. We argued for several minutes which at times became very heated, with our voices raised.
 "The argument became very heated when I informed her that I was not going to plead to the charge. She kept demanding that I plead guilty to the charge and that I should accept the charge. I told her to get her `damm ass' back into the court and tell the prosecutor that I wanted to go to trial. I questioned her as to why she didn't want to fight for me and my rights.
 "Judge Jenifer C. Holt went back into the courtroom and talked to the Assistant District Attorney and then returned out into the hallway to tell me again that I needed to plead to a misdemeanor charge. Again, we argued loudly out in the hallway.
 "I became enraged that Judge Holt had not followed my request. At that time, I called Judge Holt a `stupid bitch' and told her that I wasn't pleading to anything.
 "Judge Holt went back into the court-room. After several minutes, she returned to the hallway and advised me that I needed to leave, which I did. I later learned that my plea had not been accepted that day."
Judge Holt stated the following in her order denying the motion:
 "The defendant maintains that the Court represented the defendant in 1986 on an escape charge. The court has no independent recollection of representing the defendant. Upon a review of the 1986 court file, the court acknowledges that during private practice the court was appointed to represent the defendant on the charge of escape in the third degree. The file reflects that the court was appointed to represent the defendant on February 19, 1986, and that on April 1, 1986, the charge against the defendant was nol prossed. The defendant argues that there was a confrontation between the defendant and the court regarding a plea in the 1986 case. As stated previously, the court has no recollection of representing the defendant nor does the court recall a confrontation with the defendant about a plea. The court has no personal bias or prejudice for or against the defendant.
 "The defendant was charged in 1986 with escape in the third degree. The defendant is charged in this pending case with murder. There is no evidence before this court that the facts in the 1986 case are in any way related to the facts in the pending proceeding. The court has no personal knowledge of disputed evidentiary facts concerning the pending murder case.
 "The court finds that the court is not disqualified by law from presiding in this proceeding and that there is no reasonable bias for questioning the court's impartiality that would justify the court's recusal. Accordingly, the defendant's motion to recuse is hereby denied."
In his mandamus petition, Atchley makes the following argument:
 "Judge Holt may have no independent recollection of the representation or the *Page 766 
severe confrontation. Nonetheless, the objective standard bars trial by judges who have no actual bias and would do their very best to weigh the scales of justice equally."
(Atchley's petition at page 7.)
Canon 3.C.(1), Alabama Canons of Judicial Ethics, governs when a judge is required to recuse himself or herself from presiding over a case. The Canon states, in part:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
In Ex parte Duncan, 638 So.2d 1332 (Ala. 1994), the Alabama Supreme Court stated the following concerning this Canon 3.C.(1):
 "Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when `facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: `Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So.2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id. see Ex parte Balogun, 516 So.2d 606 (Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir.1983)."
638 So.2d at 1334.
In Ex parte Fowler, 863 So.2d 1136, 1140
(Ala.Crim.App. 2001) (Shaw and Wise, JJ., dissenting), this Court addressed whether a trial judge had abused his discretion in denying a motion to recuse after the judge had told Fowler that if Fowler was convicted in circuit court, on his de novo appeal, he would impose a greater sentence than was imposed by the district court. In evaluating Canon 3.C., Alabama Canons of Judicial Ethics, and determining whether Fowler was required to show personal bias, we stated:
 "The Canons of Judicial Ethics have the force and effect of law. Balogun v. Balogun, 516 So.2d 606 (Ala. 1987). Subsections (a) through (d) in Canon 3.C.(1) of the Canons of Judicial Ethics are examples of situations where a trial court's impartiality might reasonably be questioned. The list does not purport to be inclusive. As subdivision (1) states, `including but not limited to instances where. . . .'
 "The United States Code includes a statute similar to Canon 3.C.(1), which defines when a judge must recuse from a case. See 28 U.S.C. § 455. This section reads, in part, as follows:
 "`(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 "`(b) He shall also disqualify himself in the following circumstances: *Page 767 
 "`(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "`(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it. . . .'
"Interpreting this statute, the United States Supreme Court stated the following:
 "`Subsection (a), the provision at issue here, was an entirely new "catchall" recusal provision, covering both "interest or relationship" and "bias or prejudice" grounds, see Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988) — but requiring them all to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal was required whenever "impartiality might reasonably be questioned."'
"Liteky v. United States, 510 U.S. 540, 548,114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). See also In re Murchison,349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955).
 ". . . .
 "We have never had occasion to specifically address whether Canon 3.C.(1) — a situation where the impartiality of a judge might reasonably be questioned — and Canon 3.C.(1)(a) — a situation where there is a direct personal bias — are separate provisions of Canon 3.C. However, we believe that prior caselaw and the wording of the Canon [imply] that the two provisions are separate and distinct. See Crowell v. May, 676 So.2d 941
(Ala.Civ.App. 1996) (actual bias is not necessary in order to mandate recusal but `only a reasonable appearance of bias or impropriety'). . . .
 "The United States Supreme Court, when interpreting 28 U.S.C. § 455, stated that provisions similar to our Canon 3.C.(1) and Canon 3.C.(1)(a) are separate provisions that are to be evaluated under the facts presented in each case. We agree; we likewise hold that Canon 3.C.(1) and Canon 3.C.(1)(a) through 3.C.(1)(d) are separate and distinct provisions. Thus, a situation where the impartiality of a judge might reasonably be questioned may not always involve direct personal bias on the part of the judge."
863 So.2d at 1138-40.
Alabama, like other states that have considered this issue, holds that a trial judge is not automatically required to recuse himself or herself from presiding over the criminal trial of a former client. See Grider v. State, 766 So.2d 189
(Ala.Crim.App. 1999). See also In re Edwards,694 N.E.2d 701 (Ind. 1998); Carter v. State, 560 P.2d 994
(Okla.Crim.App. 1977). Compare Davis v. Neshoba County Gen.Hosp., 611 So.2d 904 (Miss. 1992).
In In re Edwards, the Indiana Supreme Court stated:
 "[I]t is not improper per se for a judge to preside over a case involving a former client. Rather, the inquiry should focus on whether the facts are such that the judge's impartiality might reasonably be questioned. Jud.Canon 3(E)(1). The test for determining whether a judge should recuse himself or herself under this particular Canon is whether an objective person, knowledgeable of all the circumstances, would have a reasonable basis for doubting the judge's impartiality. Cf. Perkins v. Spivey, 911 F.2d 22 *Page 768 
(8th Cir.1990), cert. denied, 499 U.S. 920, 111 S.Ct. 1309, 113 L.Ed.2d 243 (1991)."
694 N.E.2d at 710.
In Grider v. State, the defendant moved that the trial judge recuse himself before pronouncing sentence after Grider discovered that the judge had represented him in two assault cases and had also represented the parties who had filed a civil action against Grider. This Court, in affirming the trial court's denial of the motion to recuse, noted that Grider was required to show bias. We also quoted from the court's order: " `The court has no personal bias or prejudice for or against [Grider].'" 766 So.2d at 193. Additionally, Grider made no allegation that any type of disagreement took place between him and the judge. Grider presented no evidence in support of his motion to recuse except the fact that while the judge was in private practice he had represented him and the parties opposing him in unrelated cases. There was nothing in Grider
indicating an appearance of impropriety. The facts ofGrider are distinguishable from the facts in this case.
Moreover, this Court's subsequent decision in Fowler, modified our earlier decision in Grider, and casts doubt upon the continued validity of our holding. We based our decision in Grider on the fact that Grider had not shown or alleged any personal bias. However, in Fowler, we specifically held that "a situation where the impartiality of a judge might reasonably be questioned may not always involve direct personal bias on the part of the judge."863 So.2d at 1140. We recognized that there will be instances where a judge should recuse himself or herself from a case when the judge has no direct personal bias. Accordingly, to the extent that our decision in Grider is inconsistent with our holding inFowler, it is hereby overruled.
In this case, Atchley stated in his affidavit that when Judge Holt represented him on an escape charge the two had a heated confrontation because, he says, Judge Holt tried to coerce Atchley into pleading guilty and she refused to follow his wishes concerning the resolution of the escape charge. Judge Holt does not dispute Atchley's account of the confrontation or the fact that she did represent him. She merely states that she has no independent recollection of the confrontation. As the Alabama Supreme Court stated in Ex parte Turner,840 So.2d 132 (Ala. 2002), quoting Guaranty Funding Corp. v.Boiling, 288 Ala. 319, 327, 260 So.2d 589, 596 (1972):
 "`[T]he answer does not contain a denial of any of the facts stated in the petition for mandamus, nor does it contain averments of other facts sufficient in law to defeat the petitioner's application. It follows that the averments of fact in the petition for mandamus. . . . will be taken as true. State ex rel. St. Peter's M. Baptist Church v. Smith, [215 Ala. 449, 111 So. 28 (Ala. 1927)]; Ex parte Cullinan, [224 Ala. 263, 139 So. 255 (Ala. 1932)].'"
As the United States Supreme Court stated in In reMurchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942
(1955):
 "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. . . . Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way `justice must satisfy the appearance *Page 769 
of justice.' Offutt v. United States, 348 U.S. 11, 14 [(1954)]. "
"`An independent and honorable judiciary is indispensable to justice in our society,' and this requires avoiding allappearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal." In reSheffield, 465 So.2d 350, 357 (Ala. 1984) (quoting Canon 1, Alabama Canons of Judicial Ethics).
We do not question Judge Holt's impartiality; indeed, we know that she is a fine jurist; however, the question is not whether Atchley has shown that Judge Holt is biased, but whether there is an appearance of impropriety. See Fowler, supra. "The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety." Duncan,638 So.2d at 1334. Based on the undisputed assertions made in Atchley's affidavit, we must answer this question in the affirmative.
For the foregoing reasons, this petition is due to be granted. Judge Holt is directed to recuse herself from presiding over Atchley's murder trial.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur; SHAW, J., concurs in the result; WISE, J., dissents.