BASCHAB, Judge,
dissenting.
In this case, Judge Hester certainly had an interest in making sure that there was not any misbehavior in her courtroom. After Vandiver committed an assault in her courtroom, she acted properly in holding him in contempt of court and in reporting the incident to corrections officials. However, when she requested that corrections officials increase Vandiver’s custody classification, she stepped outside of her judicial role and exhibited what a reasonable person might perceive as bias against Vandiver. See Canon 3.C.(1), Alabama Canons of Judicial Ethics.
“We do not question [the judge’s] impartiality; indeed, we know that she is a fine jurist; however, the question is not whether [the appellant] has shown that [the judge] is biased, but whether there is an appearance of impropriety. See [Ex parte] Fowler, [863 So.2d 1136 (Ala.Crim.App.2001)]. ‘The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality— whether there is an appearance of impropriety.’ Duncan [v. State], 638 So.2d [1332,] 1334 [ (Ala.1994) ]. Based on the [record before us], we must answer this question in the affirmative.”
Ex parte Atchley, 951 So.2d 764, 769 (Ala.Crim.App.2006). Therefore, she should have recused from this case, and we should grant Vandiver’s petition for a writ of mandamus. Accordingly, I respectfully dissent.