SEE, Justice
(dissenting).
I dissent from the decision not to issue the writ and order the Court of Criminal Appeals to vacate its judgment compelling Judge Jenifer C. Holt to recuse herself from this case.
The Court of Criminal Appeals granted Hal Maxim Atchley’s mandamus petition *770 premised on the ground that Canon 3.C. of the Alabama Canons of Judicial Ethics compels Judge Jenifer C. Holt, the trial judge in his murder trial, to recuse herself. Judge Holt’s recusal is being required, it appears, because Atchley, the criminal defendant in this murder case, alleges that some 20 years before he appeared in Judge Holt’s courtroom, Judge Holt, then a practicing attorney, was appointed to represent him in an unrelated proceeding, and, Atchley alleges, he and Judge Holt were involved in a “confrontation” while she was representing Atchley. The Court of Criminal Appeals concluded that “based on the undisputed assertions made in Atchley’s affidavit,” it must answer in the affirmative the question “ ‘whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality.’ ” Ex parte Atchley, 951 So.2d 764, 766 (Ala.Crim.App.2006) (quoting Ex parte Duncan, 638 So.2d 1332, 1334 (Ala. 1994)). See also Ex parte City of Dothan Pers. Bd., 831 So.2d 1, 6 (Ala.2002) (stating that a judge’s recusal is necessary when another person “knowing all of the circumstances, might reasonably question the judge’s impartiality”).
Canon 3.C.(1) of the Canons of Judicial Ethics provides, in relevant part:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, in-eluding but not limited to instances where:
“(a) He has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....”
This Court has added that recusal is necessary when “ ‘facts are shown which make it reasonable for members of the public, or a party, or counsel opposed to question the impartiality of the judge.’ ” In re Sheffield, 465 So.2d 350, 355-56 (Ala.1985) (quoting Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982)).
“The test that remains applicable at all times, the answer to which always depends upon the ‘totality of circumstances’ of each case, is whether a person of ordinary prudence in the judge’s position, knowing all of the facts known to the judge, would find that there is a reasonable basis for questioning the judge’s impartiality.”
Ex parte City of Dothan Pers. Bd., 831 So.2d at 11 (citing In re Sheffield, 465 So.2d at 356).
Canon 3.C. of the Alabama Canons of Judicial Ethics should be applied in a manner that balances the policy requiring a judge to decide cases and the policy requiring a judge to be a neutral decision-maker. See Dunlop Tire Corp. v. Allen, 725 So.2d 960, 977 (Ala.1998) (See, J., statement of nonrecusal). The Constitution of the United States and the Constitution of Alabama of 1901 impose upon judges the duty to decide cases.[1] A rule *771 requiring a judge to recuse himself or herself in the face of an allegation of an attorney-client confrontation sometime before the judge’s ascension to the bench[2]— one that occurred in an unrelated matter— has the potential to seriously interfere with the judge’s ability to fulfill that duty.[3]
In light of a judge’s duty to decide cases, I believe that mandatory recusal requires more than the allegation here that 20 years before this proceeding Judge Holt had urged Atchley to accept a plea bargain and that he had insisted that he would not accept it (and that, apparently, she not accept it on his behalf), and that during this debate he had — according to his recollection — called her a “stupid bitch” and demanded that she get her “damn ass” back into court to tell the trial court that he did not want to accept a plea bargain and that he wanted to go to trial. Atch-ley’s response to the State’s mandamus petition, p. 1.
In his mandamus petition to the Court of Criminal Appeals, Atchley made the conclusory allegation that “a person of ordinary prudence, knowing of the severity of the prior confrontation between Atchley and Judge Holt, might reasonably question the judge’s impartiality.”[4] Atchley’s mandamus petition to the Court of Criminal Appeals, pp. 5-6; see also Atchley’s response to the State’s mandamus petition, p. 7. Atchley characterizes the event as a confrontation, alleging that “we argued for several minutes which at times became very heated, with [our] voices raised.” Atchley’s affidavit, p. 1. Atchley outlines conduct on his part that, had Judge Holt engaged in such conduct, might have raised some question; however, Atchley does not allege any behavior on the part of Judge Holt during this alleged confrontation that would support a finding of bias on her part. He presents no evidence indicating nor does he assert that Judge Holt said or did anything beyond raising her voice during their disagreement — something done by virtually everyone who has been in a serious and heartfelt discussion, *772 and without resulting in any personal animus toward the friend, relative, attorney, client, or litigant to whom the argument was directed. Atchley does not allege that Judge Holt called him names or made any statements that would indicate bias or that she acted in a manner such that her “impartiality might reasonably be questioned.” [5]
We presume that a judge is unbiased. Gary v. Crouch, 867 So.2d 310, 320 (Ala. 2003) (“We presume that a judge is qualified and unbiased; one who alleges otherwise and seeks a judge’s recusal has the burden of proving the grounds for the recusal.”); Ex parte Balogun, 516 So.2d 606, 609 (Ala.1987) (“ ‘For the law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.’ ” (quoting Fulton v. Longshore, 156 Ala. 611, 46 So. 989 (1908))). Even if everything Atchley says about Judge Holt in her capacity as his then attorney is true, surely this Court does not suggest that a judge may not decide any case involving a criminal defendant — or other person — who has heatedly disagreed with the judge and called the judge a name, simply because the criminal defendant would characterize the response from the judge as having been made in a “raised” voice.[6]
In addition, the evidence is even weaker than the Court of Criminal Appeals characterizes it. The Court of Criminal Appeals states that “Judge Holt does not dispute Atchley’s account of the confrontation or the fact that she did represent him. She merely states that she has no independent recollection of the confrontation.”[7] Ex parte Atchley, 951 So.2d at 768. The *773 Court of Criminal Appeals concludes that, because Judge Holt did not deny any of the facts stated in Atchley’s petition, it had to accept as true all of the allegations in Atchley’s petition. Ex parte Atchley, 951 So.2d at 768 (quoting Ex parte Turner, 840 So.2d 132 (Ala.2002)).
I find the Court of Criminal Appeals’ reasoning unpersuasive.
“The test [of the appearance of bias] that remains applicable at all times, the answer to which always depends upon the ‘totality of circumstances’ of each case, is whether a person of ordinary prudence in the judge’s position, knowing all of the facts known to the judge, would find that there is a reasonable basis for questioning the judge’s impartiality.”
Ex parte City of Dothan Pers. Bd., 831 So.2d at 11. Judge Holt stated in her order denying Atchley’s first motion seeking her recusal that “the court has no recollection of representing the defendant nor does the court recall a confrontation with the defendant about a plea.” She does not deny the fact that she was appointed by the court to represent Atchley, stating that “ ‘[u]pon a review of the 1986 court file, the court acknowledges that during private practice the court was appointed to represent the defendant on the charge of escape in the third degree.’ ” State’s mandamus petition, p. 4 (quoting Judge Holt’s order denying Atchley’s first motion to recuse). As to the alleged confrontation, Judge Holt could hardly deny that the confrontation occurred and state that something she does not recall did not happen. That she had no recollection at all of the “confrontation” is itself evidence either that it did not happen or that, if it did happen, it was not an out-of-the-ordinary “confrontation” between an attorney and a client; it is the strongest evidence that she could give to that effect.
A person “knowing all of the facts known to the judge” would know (1) that Atchley alleges that he had a “confrontation” with Judge Holt during her court-appointed representation of him some 20 years before he appeared as a defendant in her courtroom, and (2) that Judge Holt does not have any recollection either of representing Atchley or of the events that Atchley alleges occurred. The fact that Judge Holt does not remember any confrontation with Atchley necessarily implies that she cannot hold any personal bias or prejudice against him on the basis of that alleged confrontation. The fact that she does not even remember representing Atchley further buttresses the conclusion that she cannot reasonably be believed to harbor bias against him. The Court of Criminal Appeals’ conclusion that it was required to accept Atchley’s allegations as true is incorrect to the extent that the Court of Criminal Appeals felt compelled to accept as true the implication that it draws that there was a confrontation of such severity that a reasonable person knowing all that Judge Holt knows would believe that Judge Holt must remember it and must be biased by it, even though we presume that a judge is unbiased. I do not believe that the facts alleged by Atch-ley, even accepted as true — that he called Judge Holt two names and that they both raised their voices during the confrontation — would cause a reasonable person who knows all the facts alleged to believe that Judge Holt must be lying.
For the foregoing reasons, I respectfully dissent from the decision to deny the State’s petition for the writ of mandamus.

. See U.S. Const, art. Ill, § 1 (vesting the "judicial power of the United States ... in one supreme court, and in such inferior courts as the congress may from time to time ordain and establish”); Plant v. Spendthrift Farm, Inc., 514 U.S. 211, 218-19, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("Article III establishes a 'judicial department’ with the ‘province and duty’ ” to decide cases, (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803))); Ala. Const.1901, Amend. No. 328, § 6.01(a) ("[T]he judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals....”); Federated Guar. Life Ins. Co. v. Bragg, 393 So.2d 1386, 1389 (Ala.1981) (" '[I]t is the duty of the judge to adjudicate the decisive issues involved in the controversy ... and to make binding declarations concerning such issues, thus putting the controversy to rest ....'” (quoting 26 C.J.S. Declaratory ludgments 161 *771 (1956))); see also Dunlop Tire Corp. v. Allen, 725 So.2d 960, 976 (Ala. 1998) (See, J., statement of nonrecusal) ("The law of recusal reflects two fundamental judicial policies: First, it is the duty of a judge to decide cases. Second, a judge should be a neutral, or impartial, decision-maker. The Constitution of the United States and the Constitution of Alabama of 1901 impose on judges the duty to decide cases.”).

. I note no principled distinction between a prior "confrontation” with defense counsel who later becomes a judge and one with a prosecutor who later becomes a judge, or, for that matter, a prior confrontation with a judge who 20 years after the confrontation is assigned another case involving the same defendant.

. I note that Judge Holt sits in Jackson County, the only county in the Thirty-Eighth Judicial Circuit. She practiced law in Jackson County before becoming a judge, and while she was in the private practice of law in 1986 she represented Atchley in the Jackson Circuit Court. Attorneys in more sparsely populated rural counties are more likely to maintain general practices than are attorneys in urban counties and may be appointed by the court to represent criminal defendants. In denying the State’s challenge of the Court of Criminal Appeals’ issuance of the writ of mandamus compelling Judge Holt's recusal in Atchley's murder trial, this Court creates a situation in which judges in rural counties who come to the bench from private practice may be unable to sit in any case in which a former client alleges that there was a heated disagreement and that voices were raised during that disagreement.

.Atchley neglects to include in his restatement of the test that a determination on a judge's impartiality depends on the “totality of the circumstances” and on the premise that the person of ordinary prudence is “in the judge’s position, knowing all of the facts known to the judge.” Ex parte City of Dothan Pers. Bd., 831 So.2d at 7 (quoting In re Sheffield, 465 So.2d at 356).

.Atchley contended in his mandamus petition that
"[djuring plea negotiations, Atchley and then attorney Holt had a severe confrontation. Specifically, a heated argument ensued between Atchley and then attorney Holt after Holt insisted Atchley enter a guilty plea to escape. During the argument, Atchley called Holt a ‘stupid bitch.' ”
Atchley's mandamus petition to the Court of Criminal Appeals, p. 1. In his affidavit to the trial court, he described this "severe confrontation” and "heated argument:”
"3. On or about April 1, 1986, a confrontation arose between me and Judge Holt outside the courtroom when she continued to insist that I plead guilty to the charge of escape that I was not guiltfy] of. We argued for several minutes which at times became very heated, with [our] voices raised.
"4. The argument became very heated when I informed her that I was not going to plead to the charge. She kept demanding that I plead guilty to the charge and that I should accept the charge. I told her to get her 'damn ass' back into the court and tell the prosecutor that I wanted to go to trial. I questioned her as to why she didn't want to fight for me and my rights.
"5. Judge Jenifer C. Holt went back into the courtroom and talked to the Assistant District Attorney and then returned out into the hallway to tell me again that I needed to plead to a misdemeanor charge. Again, we argued loudly in the hallway.
"6. I became enraged that Judge Holt had not followed my request. At that time, I called Judge Holt a ‘stupid bitch’ and told her that I wasn’t pleading to anything.”
Atchley's affidavit to the trial court, p. 1 (emphasis added). Thus, the sum and substance of the description of Judge Holt’s conduct is that she repeatedly urged Atchley to accept a plea bargain and that in doing so she raised her voice, perhaps in response to his admittedly raised voice.

. A rule that an allegation of a prior attorney-client confrontation requires the judge to re-cuse himself or herself particularly invites abuse if, once an allegation is made, in order to avoid recusal, the burden is on the judge to prove the negative.

. In fact, Judge Holt said that she has "no recollection of representing” Atchley. Ex parte Atchley, 951 So.2d at 765. The Court of Criminal Appeals has added the qualifying adjective “independent.”